**B1 (Official Form 1)(04/13)**

| United States Bankruptcy Court<br>District of Rhode Island | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Dicksen, William B.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Dicksen, Dolores V.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6670** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-9529** |
| Street Address of Debtor (No. and Street, City, and State):<br>**17 Countryside Dr.**<br>**Johnston, RI**<br>ZIP Code **02919** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**17 Countryside Dr.**<br>**Johnston, RI**<br>ZIP Code **02919** |
| County of Residence or of the Principal Place of Business:<br>**Providence** | County of Residence or of the Principal Place of Business:<br>**Providence** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor | Nature of Business | Chapter of Bankruptcy Code Under Which |
|---|---|---|

**Type of Debtor**
(Form of Organization)  (Check one box)

- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)      Page **2**

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Dicksen, William B.**
**Dicksen, Dolores V.**

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> **X**   **/s/ T. Michael Banks**      **May 14, 2015** <br> Signature of Attorney for Debtor(s)      (Date) <br> **T. Michael Banks 8152** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Dicksen, William B.**
**Dicksen, Dolores V.**

### Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ William B. Dicksen**
Signature of Debtor  **William B. Dicksen**

**X** **/s/ Dolores V. Dicksen**
Signature of Joint Debtor **Dolores V. Dicksen**

Telephone Number (If not represented by attorney)

**May 14, 2015**
Date

### Signature of Attorney*

**X** **/s/ T. Michael Banks**
Signature of Attorney for Debtor(s)

**T. Michael Banks 8152**
Printed Name of Attorney for Debtor(s)

**Law office of Stephen S. Germani**
Firm Name
**931 Jefferson Blvd**
**Suite 2006**
**Warwick, RI 02886**

Address

**T.MichaelBanks@germanilawoffices.com**
**401-739-9700  Fax: 401-739-3399**
Telephone Number

**May 14, 2015**
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## District of Rhode Island

In re    **William B. Dicksen**        Case No. _____

      **Dolores V. Dicksen**             Chapter    **7**

                                Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ William B. Dicksen**
                       **William B. Dicksen**

Date:   **May 14, 2015**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## District of Rhode Island

In re  **William B. Dicksen**
       **Dolores V. Dicksen** _____    Case No. _____

                                    Debtor(s)      Chapter    **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Summarize exigent circumstances here.]_ ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable
statement.] [Must be accompanied by a motion for determination by the court.]*

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental
deficiency so as to be incapable of realizing and making rational decisions with respect to financial
responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being
unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or
through the Internet.);

      ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling
requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Dolores V. Dicksen**

                      **Dolores V. Dicksen**

Date:   **May 14, 2015**

B6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## District of Rhode Island

In re    **William B. Dicksen,**
     **Dolores V. Dicksen**

Case No. _____

                               ,
             Debtors

Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 160,200.00 | | |
| B - Personal Property | Yes | 5 | 142,195.69 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 262,135.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 27,450.47 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 43,937.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 2 | | | 5,601.22 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 3 | | | 6,371.92 |
| Total Number of Sheets of ALL Schedules | | 22 | | | |
| Total Assets | | | 302,395.69 | | |
| Total Liabilities | | | | 333,522.47 | |

.

# United States Bankruptcy Court
### District of Rhode Island

In re   **William B. Dicksen,**
      **Dolores V. Dicksen**                        Case No. _____

                                       ,
                          Debtors        Chapter_____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 27,450.47 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 27,450.47 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 5,601.22 |
| Average Expenses (from Schedule J, Line 22) | 6,371.92 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | 6,761.44 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 56,002.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 27,450.47 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 43,937.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 99,939.00 |

B6A (Official Form 6A) (12/07)

.

In re  **William B. Dicksen,**              Case No. _____
       **Dolores V. Dicksen**

_____,
                    Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Two-bedroom house located at 17 Countryside Drive, Johnston, RI 02919, appraised by the Johnston tax assessor at $160,200.** | **Tenants by the entirety** | **J** | **160,200.00** | **210,267.00** |

|  |  | Sub-Total > | **160,200.00** | (Total of this page) |
|  |  | Total > | **160,200.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re    **William B. Dicksen,**                                                    Case No. _____
      **Dolores V. Dicksen**
                                             ,
                          Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash in personal possession.** | J | 9.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account, Citizens Bank, 1 Citizens Dr., Riverside, RI 02915, account number ending in 2161.** | J | 0.50 |
| | | **Checking account, Navigant Credit Union, 1005 Douglas Pike, Smithfield, RI 02917, account number ending in 2683.** | J | 412.33 |
| | | **Statement Share account, Navigant Credit Union, 1005 Douglas Pike, Smithfield, RI 02917, account number ending in 2674.** | J | 1,109.00 |
| | | **Business checking account, Santander Bank, 1414 Atwood Ave., Johnston, RI 02919, account number ending in 1524.** | H | 64.93 |
| | | **Business savings account, Santander Bank, 1414 Atwood Ave., Johnston, RI 02919, account number ending in 5796.** | H | 36.28 |
| | | **Checking account, Citizens Bank, 1 Citizens Dr., Riverside, RI 02915, account number ending in 6763.** | W | 4.45 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |

Sub-Total >       **1,636.49**
(Total of this page)

<u> 4 </u>  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **William B. Dicksen,**
      **Dolores V. Dicksen**

                                            Case No. _____

                                      Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Living Room: two couches, desk, two chairs, three end tables, lapm, TV, stereo, DVD player, TV stand, storage cabinet ($1540);  Bedrooms: two beds and bedding, two dressers, chest of drawers, three mirrors, two lamps ($930);  Kitchen: table and four chairs, microwave oven, toaster, refrigerator, washing machine and dryer, stove, everyday dishes, tableware, cookware, and utensils ($1265); Other Rooms: three computers, stereo, chair, sewing machine, vacuum cleaner, iron, digital camera, two portable air conditioners, various hand tools and power tools, lawn mower, and two mirrors ($2165).** | J | 5,900.00 |
| | | **Personal and work clothing and shoes for both** | J | 3,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | | **14K gold, 1 cttw. diamond engagement ring ($500), 14K gold, 1/3 cttw. diamond wedding band ($450), costume jewelry ($50).** | W | 1,000.00 |
| | | **Mens 14K gold wedding band.** | H | 160.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

                                                 Sub-Total >       **10,060.00**
                                           (Total of this page)

Sheet   1   of   4   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re　**William B. Dicksen,**
　　　**Dolores V. Dicksen**

Case No. _____

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **IRA account, managed by Merrill EDGE Advisory Center, NJ2-140-02-17, P.O. Box 1501, Pennington, NJ 08534, account number ending in 6E80.** | W | 4,645.26 |
| | | **401(k) account with employer, Tiffany & Co., 200 Fifth Ave., New York, NY 10010, account number ending in 2384, balance as of March 31, 2015 of $8,050.23.** | H | 8,050.23 |
| | | **401(k) from previous employer (CVS/Caremark), managed by Future Fund Online, account number ending in 6212, balance as of May 12, 2015 of $57962.49.** | W | 57,962.49 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Employer Stock Purchase Plan, managed by Computershare Trust Company, N.A., P.O. Box 30170, College Station, TX 77842, account number ending in 9046, balance as of April 10, 2015 of $548.22.** | H | 548.22 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >　　71,206.20
(Total of this page)

Sheet __2__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **William B. Dicksen,**                                      Case No. _____
         **Dolores V. Dicksen,**

                                                    _____,
                                                    Debtors
## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2008 Ford Ranger pickup, automatic transmission, 77,000 miles, located at Debtor's residence.** | H | 5,451.00 |
| | | **2012 Kia Rio 5-door hatchback, automatic transmission, 57,000 miles, located at Joint Debtor's residence.** | W | 7,900.00 |
| | | **1994 Toyota Corolla DX 4-door sedan, automatic transmission, 226,000 miles, located at Joint Debtor's residence.** | W | 932.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **One dog.** | J | 10.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >        14,293.00
(Total of this page)

Sheet __3__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **William B. Dicksen,**
     **Dolores V. Dicksen**
                                         ,
                                Debtors

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | | **Debtor is entitled to receive a payment of $1,000.00 per month for 60 months starting on January 1, 2014 as a result of the sale of his share of Overflow Machine, LLC of 88 Production Road, Walpole, MA 02081 to Ronald Bower of 18 Neponset Avenue, Hyde Park, MA 02136.  A total of $15,000.00 has been paid as of May 1, 2015, leaving $45,000.00 yet to be paid as of the petition date.** | H | **45,000.00** |

|  |  |
|---|---|
| Sub-Total > | **45,000.00** |
| (Total of this page) | |
| Total > | **142,195.69** |

Sheet ___4___ of ___4___ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

                                                                                    Best Case Bankruptcy

B6C (Official Form 6C) (4/13)

.

In re **William B. Dicksen,**        Case No. _____
    **Dolores V. Dicksen**

_____,
              Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                              $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
■ 11 U.S.C. §522(b)(2)                                    *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Two-bedroom house located at 17 Countryside Drive, Johnston, RI 02919, appraised by the Johnston tax assessor at $160,200.** | 11 U.S.C. § 522(d)(1) | 100.00 | 160,200.00 |
| **Cash on Hand** | | | |
| **Cash in personal possession.** | 11 U.S.C. § 522(d)(5) | 9.00 | 9.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account, Citizens Bank, 1 Citizens Dr., Riverside, RI 02915, account number ending in 2161.** | 11 U.S.C. § 522(d)(5) | 0.50 | 0.50 |
| **Checking account, Navigant Credit Union, 1005 Douglas Pike, Smithfield, RI 02917, account number ending in 2683.** | 11 U.S.C. § 522(d)(5) | 412.33 | 412.33 |
| **Statement Share account, Navigant Credit Union, 1005 Douglas Pike, Smithfield, RI 02917, account number ending in 2674.** | 11 U.S.C. § 522(d)(5) | 1,109.00 | 1,109.00 |
| **Business checking account, Santander Bank, 1414 Atwood Ave., Johnston, RI 02919, account number ending in 1524.** | 11 U.S.C. § 522(d)(5) | 64.93 | 64.93 |
| **Business savings account, Santander Bank, 1414 Atwood Ave., Johnston, RI 02919, account number ending in 5796.** | 11 U.S.C. § 522(d)(5) | 36.28 | 36.28 |
| **Checking account, Citizens Bank, 1 Citizens Dr., Riverside, RI 02915, account number ending in 6763.** | 11 U.S.C. § 522(d)(5) | 4.45 | 4.45 |
| **Household Goods and Furnishings** | | | |
| **Living Room: two couches, desk, two chairs, three end tables, lapm, TV, stereo, DVD player, TV stand, storage cabinet ($1540);  Bedrooms: two beds and bedding, two dressers, chest of drawers, three mirrors, two lamps ($930); Kitchen: table and four chairs, microwave oven, toaster, refrigerator, washing machine and dryer, stove, everyday dishes, tableware, cookware, and utensils ($1265);  Other Rooms: three computers, stereo, chair, sewing machine, vacuum cleaner, iron, digital camera, two portable air conditioners, various hand tools and power tools, lawn mower, and two mirrors ($2165).** | 11 U.S.C. § 522(d)(3) | 5,900.00 | 5,900.00 |
| **Personal and work clothing and shoes for both** | 11 U.S.C. § 522(d)(3) | 3,000.00 | 3,000.00 |

    **1**   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com               Best Case Bankruptcy

B6C (Official Form 6C) (4/13) -- Cont.

In re    **William B. Dicksen,**                Case No. _____
          **Dolores V. Dicksen**

                                   Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Furs and Jewelry** | | | |
| **14K gold, 1 cttw. diamond engagement ring ($500), 14K gold, 1/3 cttw. diamond wedding band ($450), costume jewelry ($50).** | 11 U.S.C. § 522(d)(4) | 1,000.00 | 1,000.00 |
| **Mens 14K gold wedding band.** | 11 U.S.C. § 522(d)(4) | 160.00 | 160.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **IRA account, managed by Merrill EDGE Advisory Center, NJ2-140-02-17, P.O. Box 1501, Pennington, NJ 08534, account number ending in 6E80.** | 11 U.S.C. § 522(d)(12) | 4,645.26 | 4,645.26 |
| **401(k) account with employer, Tiffany & Co., 200 Fifth Ave., New York, NY 10010, account number ending in 2384, balance as of March 31, 2015 of $8,050.23.** | 11 U.S.C. § 522(d)(12) | 8,050.23 | 8,050.23 |
| **401(k) from previous employer (CVS/Caremark), managed by Future Fund Online, account number ending in 6212, balance as of May 12, 2015 of $57962.49.** | 11 U.S.C. § 522(d)(12) | 57,962.49 | 57,962.49 |
| **Stock and Interests in Businesses** | | | |
| **Employer Stock Purchase Plan, managed by Computershare Trust Company, N.A., P.O. Box 30170, College Station, TX 77842, account number ending in 9046, balance as of April 10, 2015 of $548.22.** | 11 U.S.C. § 522(d)(5) | 548.22 | 548.22 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2008 Ford Ranger pickup, automatic transmission, 77,000 miles, located at Debtor's residence.** | 11 U.S.C. § 522(d)(2) | 100.00 | 5,451.00 |
| **2012 Kia Rio 5-door hatchback, automatic transmission, 57,000 miles, located at Joint Debtor's residence.** | 11 U.S.C. § 522(d)(5) | 100.00 | 7,900.00 |
| **1994 Toyota Corolla DX 4-door sedan, automatic transmission, 226,000 miles, located at Joint Debtor's residence.** | 11 U.S.C. § 522(d)(2) | 932.00 | 932.00 |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Debtor is entitled to receive a payment of $1,000.00 per month for 60 months starting on January 1, 2014 as a result of the sale of his share of Overflow Machine, LLC of 88 Production Road, Walpole, MA 02081 to Ronald Bower of 18 Neponset Avenue, Hyde Park, MA 02136. A total of $15,000.00 has been paid as of May 1, 2015, leaving $45,000.00 yet to be paid as of the petition date.** | 11 U.S.C. § 522(d)(5) | 11,310.15 | 45,000.00 |
| | Total: | 95,444.84 | 302,385.69 |

Sheet   **1**   of   **1**   continuation sheets attached to the Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re **William B. Dicksen,**
**Dolores V. Dicksen**

Case No. _____

_____,
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxx8729**<br><br>**Citizens Bank**<br>**1 Citizens Dr.**<br>**Attn: Bankruptcy Department**<br>**Riverside, RI 02915** | | J | **Opened  9/01/05  Last Active 12/27/14**<br><br>**Second Mortgage**<br><br>**Two-bedroom house located at 17 Countryside Drive, Johnston, RI 02919, appraised by the Johnston tax assessor at $160,200.** | | | | | |
| | | | Value $          **160,200.00** | | | | **82,687.00** | **50,067.00** |
| Account No. **xxxxxxxx0001**<br><br>**Eastern Bank**<br>**Attn: Collections Dept.**<br>**195 Market Street**<br>**Lynn, MA 01901** | | W | **Opened 12/01/11  Last Active  4/15/15**<br><br>**Purchase Money Security**<br><br>**2012 Kia Rio 5-door hatchback, automatic transmission, 57,000 miles, located at Joint Debtor's residence.** | | | | | |
| | | | Value $          **7,900.00** | | | | **10,467.00** | **2,567.00** |
| Account No. **xxxxxxxx0001**<br><br>**Eastern Bank**<br>**Attn: Collections Dept.**<br>**195 Market Street**<br>**Lynn, MA 01901** | | H | **Opened 11/01/13  Last Active  4/06/15**<br><br>**Purchase Money Security**<br><br>**2008 Ford Ranger pickup, automatic transmission, 77,000 miles, located at Debtor's residence.** | | | | | |
| | | | Value $          **5,451.00** | | | | **8,819.00** | **3,368.00** |
| Account No. **xxx-xxxxxx5-001**<br><br>**Intech Funding Corp.**<br>**P.O. Box 750**<br>**Attn: Bankruptcy Department**<br>**Albany, MN 56307** | X | H | **2012**<br><br>**Leashold**<br><br>**Industrial lathe.** | | | | | |
| | | | Value $          **Unknown** | | | | **Unknown** | **Unknown** |

__1__   continuation sheets attached

Subtotal
(Total of this page)

| | |
|---|---|
| **101,973.00** | **56,002.00** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

B6D (Official Form 6D) (12/07) - Cont.

In re  **William B. Dicksen,**
      **Dolores V. Dicksen**
                           Case No. _____

                         Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **N/A** | | | Unknown | | | | | |
| John Disangro 35 Production Rd. Attn: Bankruptcy Department Walpole, MA 02081 | X | H | Leasehold  Premises at 88 Production Road, Walpole, MA 02081. | | | | | |
| | | | Value $          **Unknown** | | | | **Unknown** | **Unknown** |
| Account No. **xxxxxxxx1898** | | | Opened  4/01/03  Last Active  1/12/15 | | | | | |
| PNC Mortgage P.O. Box 8703 Attn: Bankruptcy Department Dayton, OH 45401 | | H | First Mortgage  Two-bedroom house located at 17 Countryside Drive, Johnston, RI 02919, appraised by the Johnston tax assessor at $160,200. | | | | | |
| | | | Value $          **160,200.00** | | | | **127,580.00** | **0.00** |
| Account No. **xx3213** | | | 2010 | | | | | |
| United Financial Group, Inc. 1133 Louisiana Ave., Ste. 200 Attn: Bankruptcy Department Maitland, FL 32794 | X | H | Leasehold  Industrial machining equipment. | | | | | |
| | | | Value $          **Unknown** | | | | **32,582.00** | **Unknown** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | **160,162.00** | **0.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **262,135.00** | **56,002.00** |

B6E (Official Form 6E) (4/13)

.

In re  **William B. Dicksen,**                                      Case No. _____
       **Dolores V. Dicksen**

                                                                                                    ,
                                         Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_    continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re **William B. Dicksen,**
 **Dolores V. Dicksen**

Case No. _____

_____,
                                              Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxx6670** <br><br> **Internal Revenue Service** <br> **P.O. Box 7346** <br> **Centralized Insolvency Operatn** <br> **Philadelphia, PA 19101-7346** | | J | **10/15/2012** <br><br> **Federal Income Tax Liability** | | | | 24,705.76 | 0.00 | 24,705.76 |
| Account No. **xxxxxx6700** <br><br> **Massachusetts Dept. of Revenue** <br> **P.O. Box 9564** <br> **Attn: Bankruptcy Unit** <br> **Boston, MA 02114-9564** | | J | **04/15/2013** <br><br> **State Income Tax Liability** | | | | 2,744.71 | 0.00 | 2,744.71 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Sheet __1__ of __1__ continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | | Subtotal (Total of this page) | 27,450.47 | 0.00 | 27,450.47 |
| | | Total (Report on Summary of Schedules) | 27,450.47 | 0.00 | 27,450.47 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

B6F (Official Form 6F) (12/07)

In re   **William B. Dicksen,**
        **Dolores V. Dicksen**                                                     Case No. _____
_____,
                                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxx9037 <br><br> **Bank Of America** <br> **4161 Peidmont Pkwy.** <br> **Attn: Bankruptcy Department** <br> **Greensboro, NC 27410** | | H | **Opened 4/01/04 Last Active 3/14/15** <br> **Credit Card** | | | | 5,104.00 |
| Account No. xxxxxxxxxxx8910 <br><br> **Bank Of America** <br> **4161 Peidmont Pkwy.** <br> **Attn: Bankruptcy Department** <br> **Greensboro, NC 27410** | | W | **Opened 4/01/05 Last Active 4/08/15** <br> **Credit Card** | | | | 4,707.00 |
| Account No. xxxxxxxxxxx6391 <br><br> **BBVA Compass Bank** <br> **P.O. Box 10566** <br> **Attn: Bankruptcy Department** <br> **Birmingham, AL 35296** | | H | **Opened 8/01/11 Last Active 3/16/15** <br> **Check Credit Or Line Of Credit** | | | | 4,637.00 |
| Account No. xxxxxxxxxxx2891 <br><br> **Chase Card** <br> **P.O. Box 15298** <br> **Attn: Bankruptcy Department** <br> **Wilmington, DE 19850** | | H | **Opened 4/01/04 Last Active 4/07/15** <br> **Credit Card** | | | | 3,178.00 |

| | Subtotal <br> (Total of this page) | 17,626.00 |
|---|---|---|

__2__   continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re   **William B. Dicksen,**
      **Dolores V. Dicksen**                                    Case No. _____

_____ ,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxx7525**<br><br>**Citibank SD, N.A.**<br>**P.O. Box 20363**<br>**Attn: Bankruptcy Department**<br>**Kansas City, MO 64195** | | W | **Opened 10/01/13  Last Active  4/27/15**<br>**Credit Card** | | | | **4,553.00** |
| Account No. **xxxxxxxxxxx2851**<br><br>**Citibank SD, N.A.**<br>**P.O. Box 20363**<br>**Attn: Bankruptcy Department**<br>**Kansas City, MO 64195** | | W | **Opened 10/01/13  Last Active  4/08/15**<br>**Credit Card** | | | | **1,165.00** |
| Account No. **xxxxxxxxxxx6418**<br><br>**Exxon/Mobil Citibank**<br>**P.O. Box 20363**<br>**Attn: Bankruptcy Department**<br>**Kansas City, MO 64195** | | H | **Opened  1/01/96  Last Active  3/15/15**<br>**Credit Card** | | | | **2,080.00** |
| Account No. **xxxxxxx0303**<br><br>**Landmark Medical Center**<br>**196 Cass Ave.**<br>**Attn: Bankruptcy Department**<br>**Woonsocket, RI 02895** | | H | **07/22/2014**<br>**Unsecured debt.** | | | | **1,010.00** |
| Account No. **xx2908**<br><br>**Manuel M. Cunanan, DMD Inc.**<br>**3411 W. Shore Rd.**<br>**Attn: Bankruptcy Department**<br>**Warwick, RI 02886** | | J | **08/01/2014**<br>**Unsecured debt.** | | | | **3,636.00** |

Sheet no. __1__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   **12,444.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **William B. Dicksen,**
  **Dolores V. Dicksen**
  Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxxxxxxxx7435** | | | | Opened 2/01/06 Last Active 4/27/15 Credit Card | | | | |
| **RBS Citizens Credit Card 443 Jefferson Blvd. MS RJW-135 Attn: Bankruptcy Department Warwick, RI 02886** | H | | | | | | | 8,288.00 |
| Account No. **xxxxxxxxxxx0189** | | | | Opened 2/01/14 Last Active 3/20/15 Credit Card | | | | |
| **RBS Citizens Credit Card 443 Jefferson Blvd. MS RJW-135 Attn: Bankruptcy Department Warwick, RI 02886** | H | | | | | | | 5,579.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __2__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal (Total of this page) | 13,867.00 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 43,937.00 |

B6G (Official Form 6G) (12/07)

.

In re    **William B. Dicksen,**                                          Case No. _____
         **Dolores V. Dicksen**
_____ ,
                                    Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Intech Funding Corp.**<br>**P.O. Box 750**<br>**Attn: Bankruptcy Department**<br>**Albany, MN 56307** | **Lessor is Intech Funding Corp., Lessees are Debtor and Ron Bower (Debtor's former business partner), 88 Production Road, Walpole, MA 02081. Lease is for an industrial lathe.** |
| **John Disangro**<br>**35 Production Rd.**<br>**Attn: Bankruptcy Department**<br>**Walpole, MA 02081** | **Lease for work premises of Overflow Machine, LLC.  Lessor is John Disangro, lessees are Debtor and Ron Bower (Debtor's former business partner), 88 Production Road, Walpole, MA 02081.** |
| **United Financial Group, Inc.**<br>**1133 Louisiana Ave., Ste. 200**<br>**Attn: Bankruptcy Department**<br>**Maitland, FL 32794** | **Lessor is United Financial Group, Inc.  Lessees are Debtor and Ron Bower (Debtor's former business partner), 88 Production Road, Walpole, MA 02081.  Lease is for industrial machining equipment, Lease No. 103213, balance is $32,582.00.** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re   **William B. Dicksen,**
        **Dolores V. Dicksen**

                                                                        Case No. _____

_____,
                          Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Ronald Bower**<br>**88 Production Rd.**<br>**Attn: Bankruptcy Department**<br>**Walpole, MA 02081**<br>   **Debtor's former business partner.** | **Intech Funding Corp.**<br>**P.O. Box 750**<br>**Attn: Bankruptcy Department**<br>**Albany, MN 56307** |
| **Ronald Bower**<br>**88 Production Rd.**<br>**Attn: Bankruptcy Department**<br>**Walpole, MA 02081**<br>   **Debtor's former business partner.** | **United Financial Group, Inc.**<br>**1133 Louisiana Ave., Ste. 200**<br>**Attn: Bankruptcy Department**<br>**Maitland, FL 32794** |
| **Ronald Bower**<br>**88 Production Rd.**<br>**Attn: Bankruptcy Department**<br>**Walpole, MA 02081**<br>   **Debtor's former business partner.** | **John Disangro**<br>**35 Production Rd.**<br>**Attn: Bankruptcy Department**<br>**Walpole, MA 02081** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **William B. Dicksen** |
| Debtor 2 (Spouse, if filing) | **Dolores V. Dicksen** |
| United States Bankruptcy Court for the: | DISTRICT OF RHODE ISLAND |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Employment

| 1. | **Fill in your employment information.** | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | If you have more than one job, attach a separate page with information about additional employers. | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| | Include part-time, seasonal, or self-employed work. | Occupation | **Machinist** | |
| | | Employer's name | **Tiffany and Company** | |
| | Occupation may include student or homemaker, if it applies. | Employer's address | **15 Sylvan Way**<br>**Parsippany, NJ 07054** | |
| | | How long employed there? | **1 year, 2 months** | |

## Part 2:   Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $    **4,047.85** | $    **0.00** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$    **0.00** | +$    **0.00** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $    **4,047.85** | $    **0.00** |

Debtor 1  **William B. Dicksen**
Debtor 2  **Dolores V. Dicksen**                                              Case number (*if known*)

|  |  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| **Copy line 4 here** | | 4. | $ 4,047.85 | $ 0.00 |

5. List all payroll deductions:

| | | | | |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 627.99 | $ 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 367.16 | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 423.15 | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.     6.  $ 1,418.30     $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.     7.  $ 2,629.55     $ 0.00

8. List all other income regularly received:

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.     8a.  $ 0.00     $ 0.00

8b. **Interest and dividends**     8b.  $ 0.00     $ 0.00

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.     8c.  $ 0.00     $ 0.00

8d. **Unemployment compensation**     8d.  $ 0.00     $ 1,971.67

8e. **Social Security**     8e.  $ 0.00     $ 0.00

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____     8f.  $ 0.00     $ 0.00

8g. **Pension or retirement income**     8g.  $ 0.00     $ 0.00

8h. **Other monthly income.** Specify: **Installment payments for sale of business**     8h.+  $ 1,000.00 +     $ 0.00

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.     9.  $ 1,000.00     $ 1,971.67

10. **Calculate monthly income.** Add line 7 + line 9.     10.  $ 3,629.55  +  $ 1,971.67  =  $ 5,601.22
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____     11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies     12.  $ 5,601.22
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain:  **Joint Debtor's unemployment compensation will terminate in August 2015. At that time net household income will decrease by $1,971.67. Debtor's employment will end on May 22, 2015. Debtor is actively seeking new employment, but has no job offers as of the petition date.**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **William B. Dicksen** |
| Debtor 2 (Spouse, if filing) | **Dolores V. Dicksen** |
| United States Bankruptcy Court for the: | DISTRICT OF RHODE ISLAND |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses                                        12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ■ Yes. **Does Debtor 2 live in a separate household?**

      ■ No

      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**   ■ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ Yes.   Fill out this information for each dependent..............

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | | Your expenses |
|---|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.
   4. $ **1,374.95**

   If not included in line 4:

   | | | |
   |---|---|---|
   | 4a. | Real estate taxes | 4a. $ **0.00** |
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ **0.00** |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ **100.00** |
   | 4d. | Homeowner's association or condominium dues | 4d. $ **0.00** |

5. **Additional mortgage payments for your residence,** such as home equity loans
   5. $ **200.00**

Official Form B 6J                    **Schedule J: Your Expenses**                    page 1

| Debtor 1 | **William B. Dicksen** | | |
|---|---|---|---|
| Debtor 2 | **Dolores V. Dicksen** | Case number (if known) | |

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ | **400.00** |
| | 6b. Water, sewer, garbage collection | 6b. | $ | **0.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | **368.72** |
| | 6d. Other. Specify: | 6d. | $ | **0.00** |
| 7. | **Food and housekeeping supplies** | 7. | $ | **932.57** |
| 8. | **Childcare and children's education costs** | 8. | $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | **50.00** |
| 10. | **Personal care products and services** | 10. | $ | **0.00** |
| 11. | **Medical and dental expenses** | 11. | $ | **222.10** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | **376.15** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | **33.00** |
| 14. | **Charitable contributions and religious donations** | 14. | $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | **52.55** |
| | 15b. Health insurance | 15b. | $ | **0.00** |
| | 15c. Vehicle insurance | 15c. | $ | **276.22** |
| | 15d. Other insurance. Specify: | 15d. | $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | | |
| | Specify: **Federal and state tax debt payments** | 16. | $ | **600.00** |
| | Specify: **Taxes withheld from unemployment compensation** | | $ | **58.00** |
| | Specify: **Motor vehicle excise taxes** | | $ | **59.01** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | **198.35** |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | **316.13** |
| | 17c. Other. Specify: | 17c. | $ | **0.00** |
| | 17d. Other. Specify: | 17d. | $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | 18. | $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. Mortgages on other property | 20a. | $ | **0.00** |
| | 20b. Real estate taxes | 20b. | $ | **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | **0.00** |
| 21. | **Other:** Specify: **Bank charges** | 21. | +$ | **16.00** |
| | **Annual tax return preparation** | | +$ | **41.62** |
| | **Pet food, veterinary care, grooming** | | +$ | **150.83** |
| | **Vehicle registrations, inspections** | | +$ | **11.34** |
| | **Vision care, eyeglasses replacement** | | +$ | **16.67** |
| | **Non-prescription medications** | | +$ | **35.00** |
| | **Vitamins, nutrition products** | | +$ | **87.71** |
| | **Haircuts, personal products** | | +$ | **100.00** |
| | **School lunches, work lunches** | | +$ | **165.00** |
| | **Christmas, birthday gifts** | | +$ | **100.00** |
| | **Postage, printer ink, paper** | | +$ | **30.00** |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | 22. | $ | **6,371.92** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | **5,601.22** |
| | 23b. Copy your monthly expenses from line 22 above. | 23b. | -$ | **6,371.92** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | **-770.70** |

**Schedule J: Your Expenses**

Debtor 1  **William B. Dicksen**

Debtor 2  **Dolores V. Dicksen**

Case number (if known) _____

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a
    modification to the terms of your mortgage?

   ■ No.

   ☐ Yes.
   Explain:

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Rhode Island

In re   **William B. Dicksen**
**Dolores V. Dicksen**

Debtor(s)

Case No. _____

Chapter   **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ **24** ___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **May 14, 2015**

Signature   **/s/ William B. Dicksen**
**William B. Dicksen**
Debtor

Date   **May 14, 2015**

Signature   **/s/ Dolores V. Dicksen**
**Dolores V. Dicksen**
Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## District of Rhode Island

In re    **William B. Dicksen**      Case No.
**Dolores V. Dicksen**

Debtor(s)      Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$15,778.50** | **2015 YTD: Husband Employment Income** |
| **$89,098.00** | **2014 Tax Return: Both Employment Income** |
| **$65,802.00** | **2013 Tax Return: Both Employment Income** |
| **$76,120.00** | **2013 Tax Return: Both Business Income** |

---

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT              SOURCE

B7 (Official Form 7) (04/13)
2

| AMOUNT | SOURCE |
|---|---|
| $5,915.01 | **2015 YTD: Wife Unemployment compensation** |
| $8,816.00 | **2014 Tax Return: Both Capital Gain** |
| $44.00 | **2014 Tax Return: Both Taxable refund of state/local income taxes** |
| $1.00 | **2014 Tax Return: Both Interest** |
| $14.00 | **2013 Tax Return: Both Taxable refund of state/local income taxes** |
| $15.00 | **2013: Both Interest** |

### 3. Payments to creditors

None
☐

***Complete a. or b., as appropriate, and c.***

    a.   *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Eastern Bank**<br>**195 Market Street**<br>**Lynn, MA 01901** | **February 2015, March 2015, April 2015.** | **$1,543.44** | **$19,286.00** |

None
■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
■

    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

  *\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**5. Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

---

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

---

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

---

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYER IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **Law office of Stephen S. Germani**<br>**931 Jefferson Blvd**<br>**Suite 2006**<br>**Warwick, RI 02886** | **$1500.00 paid on May 11, 2015.** | **$1125 attorney fee, $335 court**<br>**filing fee, $40 credit report fee.** |
| **001 Debtorcc, Inc.**<br>**378 Summit Ave.**<br>**Jersey City, NJ 07306** | **May 11, 2015.** | **$9.95 paid for pre-filing credit**<br>**counseling course.** |

#### 10.  Other transfers

None
■    a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

None
■    b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND<br>VALUE OF PROPERTY OR DEBTOR'S INTEREST<br>IN PROPERTY |
|---|---|---|

#### 11.  Closed financial accounts

None
■    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE<br>OR CLOSING |
|---|---|---|

#### 12.  Safe deposit boxes

None
■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK<br>OR OTHER DEPOSITORY | NAMES AND ADDRESSES<br>OF THOSE WITH ACCESS<br>TO BOX OR DEPOSITORY | DESCRIPTION<br>OF CONTENTS | DATE OF TRANSFER OR<br>SURRENDER, IF ANY |
|---|---|---|---|

#### 13.  Setoffs

None
■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

B7 (Official Form 7) (04/13)

5

**14.  Property held for another person**

None ■

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER          DESCRIPTION AND VALUE OF PROPERTY          LOCATION OF PROPERTY

---

**15.  Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                          NAME USED                          DATES OF OCCUPANCY

---

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT            NOTICE           LAW

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT            NOTICE           LAW

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                          DOCKET NUMBER                          STATUS OR DISPOSITION

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| **Overflow Machine LLC** | **26-0622751** | **88 Production Rd. Walpole, MA 02081** | **Machine Shop.** | **2006 - present.** |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                  DATES SERVICES RENDERED
**Henderson, Grealis & Associates PC, CPA**                      **2006 - present.**
**100 Grandview Road, Suite 304**
**Braintree, MA 02184**

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                              DATES SERVICES RENDERED

None
☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                              ADDRESS
**Henderson, Grealis & Associates PC, CPA**       **100 Grandview Road, Suite 304**
                                                  **Braintree, MA 02184**

B7 (Official Form 7) (04/13)
7

None ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                         DATE ISSUED

---

### 20. Inventories

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY        INVENTORY SUPERVISOR            DOLLAR AMOUNT OF INVENTORY
                                                         (Specify cost, market or other basis)

None ■   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                     NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                                RECORDS

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                    NATURE OF INTEREST             PERCENTAGE OF INTEREST

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                    TITLE                       NATURE AND PERCENTAGE
                                                         OF STOCK OWNERSHIP

---

### 22 . Former partners, officers, directors and shareholders

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                              ADDRESS                        DATE OF WITHDRAWAL

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                       DATE OF TERMINATION

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                      AMOUNT OF MONEY
OF RECIPIENT,                    DATE AND PURPOSE          OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR         OF WITHDRAWAL            VALUE OF PROPERTY

---

### 24. Tax Consolidation Group.

None ■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                            TAXPAYER IDENTIFICATION NUMBER (EIN)

B7 (Official Form 7) (04/13)
8

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
       employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                      TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.

Date   **May 14, 2015**                 Signature    **/s/ William B. Dicksen**
                                                  **William B. Dicksen**
                                                  Debtor

Date   **May 14, 2015**                 Signature    **/s/ Dolores V. Dicksen**
                                                  **Dolores V. Dicksen**
                                                  Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## District of Rhode Island

In re   **William B. Dicksen**
      **Dolores V. Dicksen**                           Case No. _____

                                       Debtor(s)        Chapter    **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Citizens Bank** | **Describe Property Securing Debt:**<br>**Two-bedroom house located at 17 Countryside Drive, Johnston, RI 02919, appraised by the Johnston tax assessor at $160,200.** |

Property will be (check one):
     ☐ Surrendered        ■ Retained

If retaining the property, I intend to (check at least one):
     ☐ Redeem the property
     ☐ Reaffirm the debt
     ■ Other.  Explain   **Debtors wish to short-sell property.**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
     ■ Claimed as Exempt                   ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Eastern Bank** | **Describe Property Securing Debt:**<br>**2012 Kia Rio 5-door hatchback, automatic transmission, 57,000 miles, located at Joint Debtor's residence.** |

Property will be (check one):
     ☐ Surrendered        ■ Retained

If retaining the property, I intend to (check at least one):
     ☐ Redeem the property
     ☐ Reaffirm the debt
     ■ Other.  Explain   **Retain and pay.**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
     ■ Claimed as Exempt                   ☐ Not claimed as exempt

B8 (Form 8) (12/08)                                                                                          Page 2

---

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Eastern Bank** | **Describe Property Securing Debt:**<br>**2008 Ford Ranger pickup, automatic transmission, 77,000 miles, located at Debtor's residence.** |

Property will be (check one):

☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain   _Retain and pay._   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                                   ☐ Not claimed as exempt

---

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**PNC Mortgage** | **Describe Property Securing Debt:**<br>**Two-bedroom house located at 17 Countryside Drive, Johnston, RI 02919, appraised by the Johnston tax assessor at $160,200.** |

Property will be (check one):

☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain   _Debtors wish to short-sell property_   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                                   ☐ Not claimed as exempt

---

B8 (Form 8) (12/08)                                                                                    Page 3

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**John Disangro** | **Describe Leased Property:**<br>**Lease for work premises of Overflow Machine, LLC.  Lessor is John Disangro, lessees are Debtor and Ron Bower (Debtor's former business partner), 88 Production Road, Walpole, MA 02081.** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ■ NO |

| Property No. 2 | | |
|---|---|---|
| **Lessor's Name:**<br>**United Financial Group, Inc.** | **Describe Leased Property:**<br>**Lessor is United Financial Group, Inc. Lessees are Debtor and Ron Bower (Debtor's former business partner), 88 Production Road, Walpole, MA 02081. Lease is for industrial machining equipment, Lease No. 103213, balance is $32,582.00.** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ■ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   **May 14, 2015**                 Signature   **/s/ William B. Dicksen**
                                                     **William B. Dicksen**
                                                     Debtor

Date   **May 14, 2015**                 Signature   **/s/ Dolores V. Dicksen**
                                                     **Dolores V. Dicksen**
                                                     Joint Debtor

# United States Bankruptcy Court
## District of Rhode Island

In re   **William B. Dicksen**
      **Dolores V. Dicksen**

Case No.

Debtor(s)         Chapter   **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept .......................................................... $       **1,165.00**

   Prior to the filing of this statement I have received ............................................. $       **1,165.00**

   Balance Due ........................................................................................................ $       **0.00**

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor     ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value and exemption planning.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in adversary proceedings, reaffirmation agreements, reaffirmation hearings or avoiding judgment liens on real estate, any dischargeability actions, relief from stay actions, or services that may be necessary other than stated above.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **May 14, 2015**

/s/ **T. Michael Banks**
**T. Michael Banks 8152**
**Law office of Stephen S. Germani**
**931 Jefferson Blvd**
**Suite 2006**
**Warwick, RI 02886**
**401-739-9700  Fax: 401-739-3399**
**T.MichaelBanks@germanilawoffices.com**

---

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## __Chapter 11__: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## __Chapter 12__: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## __3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials__

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201A (Form 201A) (6/14)

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### District of Rhode Island

In re    **William B. Dicksen**
      **Dolores V. Dicksen**                          Case No.

                                     Debtor(s)         Chapter    **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **William B. Dicksen** | | X | **/s/ William B. Dicksen** | **May 14, 2015** |
|---|---|---|---|---|
| **Dolores V. Dicksen** | | | | |
| Printed Name(s) of Debtor(s) | | | Signature of Debtor | Date |
| | | | | |
| Case No. (if known) | | X | **/s/ Dolores V. Dicksen** | **May 14, 2015** |
| | | | Signature of Joint Debtor (if any) | Date |

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

**United States Bankruptcy Court**
**District of Rhode Island**

In re    **William B. Dicksen**
      **Dolores V. Dicksen**

                                                     Debtor(s)

Case No.

Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **May 14, 2015**

                                     **/s/ William B. Dicksen**
                                     **William B. Dicksen**
                                     Signature of Debtor

Date:    **May 14, 2015**

                                     **/s/ Dolores V. Dicksen**
                                     **Dolores V. Dicksen**
                                     Signature of Debtor

Bank Of America
4161 Peidmont Pkwy.
Attn: Bankruptcy Department
Greensboro NC 27410


Bank Of America
201 N. Tryon St
Attn: Bankruptcy Department
Charlotte NC 28202


Bank of America
P.O. Box 15019
Attn: Bankruptcy Department
Wilmington DE 19886


Bank of America
P.O. Box 982235
Attn: Bankruptcy Department
El Paso TX 79998


BBVA Compass Bank
P.O. Box 10566
Attn: Bankruptcy Department
Birmingham AL 35296


Chase
201 N Walnut St # De1-10
Attn: Bankruptcy Department
Wilmington DE 19801


Chase
P.O. Box 15298
Attn: Bankruptcy Department
Wilmington DE 19850


Chase Card
P.O. Box 15298
Attn: Bankruptcy Department
Wilmington DE 19850


Citibank SD, N.A.
P.O. Box 20363
Attn: Bankruptcy Department
Kansas City MO 64195

Citizens Bank
1 Citizens Dr.
Attn: Bankruptcy Department
Riverside RI 02915


Eastern Bank
Attn: Collections Dept.
195 Market Street
Lynn MA 01901


Exxon Mobil / Citibank
P.O. Box 6497
Attn: Bankruptcy Department
Sioux Falls SD 57117


Exxon Mobil / Citibank
P.O. Box 6404
Attn: Bankruptcy Department
Sioux Falls SD 57117


Exxon/Mobil Citibank
P.O. Box 20363
Attn: Bankruptcy Department
Kansas City MO 64195


Intech Funding Corp.
P.O. Box 750
Attn: Bankruptcy Department
Albany MN 56307


Internal Revenue Service
P.O. Box 7346
Centralized Insolvency Operatn
Philadelphia PA 19101-7346


Internal Revenue Service
P.O. Box 21126
Attn: Bankruptcy Unit
Philadelphia PA 19114


Internal Revenue Service
60 Quaker Lane
Attn: Bankruptcy Department
Warwick RI 02886

John Disangro
35 Production Rd.
Attn: Bankruptcy Department
Walpole MA 02081


Landmark Medical Center
196 Cass Ave.
Attn: Bankruptcy Department
Woonsocket RI 02895


Manuel M. Cunanan, DMD Inc.
3411 W. Shore Rd.
Attn: Bankruptcy Department
Warwick RI 02886


Massachusetts Dept. of Revenue
P.O. Box 9564
Attn: Bankruptcy Unit
Boston MA 02114-9564


PNC Mortgage
P.O. Box 8703
Attn: Bankruptcy Department
Dayton OH 45401


PNC Mortgage
P.O. Box 8807
Attn: Bankruptcy Department
Dayton OH 45401


RBS Citizens Credit Card
443 Jefferson Blvd. MS RJW-135
Attn: Bankruptcy Department
Warwick RI 02886


Ronald Bower
18 Neponset Ave.
Attn: Bankruptcy Department
Hyde Park MA 02136


Ronald Bower
88 Production Rd.
Attn: Bankruptcy Department
Walpole MA 02081

```
Santander Bank
P.O. Box 16255
Attn: Bankruptcy Department
Reading PA 19612


Santander Bank
P.O. Box 12646
Mail Code: 10-421-CN2
Reading PA 19612


Santander Consumer USA
P.O. Box 560284
Attn: Bankruptcy Department
Dallas TX 75356


United Financial Group, Inc.
1133 Louisiana Ave., Ste. 200
Attn: Bankruptcy Department
Maitland FL 32794


United Financial Group, Inc.
P.O. Box 941310
Attn: Bankruptcy Department
Maitland FL 32794
```

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 22A-1Supp: |
|---|---|
| **Debtor 1**  William B. Dicksen | ☐ 1. There is no presumption of abuse |
| **Debtor 2**  Dolores V. Dicksen  (Spouse, if filing) | ■ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 22A-2). |
| United States Bankruptcy Court for the:  District of Rhode Island | ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later. |
| Case number  (if known) | ☐ Check if this is an amended filing |

# Official Form 22A - 1
# Chapter 7 Statement of Your Current Monthly Income

12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 22A-1Supp) with this form.

**Part 1:**    Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

    ☐ **Not married**. Fill out Column A, lines 2-11.

    ■ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

    ☐ **Married and your spouse is NOT filing with you. You and your spouse are:**

      ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

> Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | | Column A Debtor 1 | | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 3,922.80 | $ | 1,838.64 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ | 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ | 0.00 |
| 5. | **Net income from operating a business, profession, or farm** | | | |
|  | Gross receipts (before all deductions)    $ 0.00 | | | |
|  | Ordinary and necessary operating expenses  -$ 0.00 | | | |
|  | Net monthly income from a business, profession, or farm $ 0.00   Copy here -> | $ 0.00 | $ | 0.00 |
| 6. | **Net income from rental and other real property** | | | |
|  | Gross receipts (before all deductions)    $ 0.00 | | | |
|  | Ordinary and necessary operating expenses  -$ 0.00 | | | |
|  | Net monthly income from rental or other real property $ 0.00   Copy here -> | $ 0.00 | $ | 0.00 |
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ | 0.00 |

Debtor 1   **William B. Dicksen**

Debtor 2   **Dolores V. Dicksen** _____   Case number (*if known*) _____

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 8. | **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ 0.00 |
|---|---|
| For your spouse | $ 985.84 |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.

$ 0.00     $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

| 10a. | **Business sale proceeds** | $ 1,000.00 | $ 0.00 |
|---|---|---|---|
| 10b. | | $ 0.00 | $ 0.00 |
| 10c. | Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 4,922.80  + $ 1,838.64  = $ 6,761.44

**Total current monthly income**

**Part 2:**      Determine Whether the Means Test Applies to You

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 ...................... Copy line 11 here=>  12a. $ 6,761.44

Multiply by 12 (the number of months in a year)    **x 12**

12b. The result is your annual income for this part of the form    12b. $ 81,137.28

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    **RI**

Fill in the number of people in your household.    **3**

Fill in the median family income for your state and size of household. ...................    13. $ 73,145.00

14. **How do the lines compare?**

14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ■ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 22A-2.* Go to Part 3 and fill out Form 22A-2.

**Part 3:**      Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

**X** /s/ William B. Dicksen     **X** /s/ Dolores V. Dicksen

**William B. Dicksen**     **Dolores V. Dicksen**

Signature of Debtor 1     Signature of Debtor 2

Date **May 14, 2015**     Date **May 14, 2015**

MM / DD / YYYY     MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 22A-2.

If you checked line 14b, fill out Form 22A-2 and file it with this form.

**Fill in this information to identify your case:**

Debtor 1    **William B. Dicksen**

Debtor 2    **Dolores V. Dicksen**
(Spouse, if filing)

United States Bankruptcy Court for the:    District of Rhode Island

Case number
(if known)

**Check one box only as directed in lines 40 or 42:**

According to the calculations required by this Statement:

■ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☐ Check if this is an amended filing

## Official Form 22A - 2
## Chapter 7 Means Test Calculation

12/14

To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly income* (Official Form 22A-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Adjusted Income |
|---------|-------------------------------|

1. Copy your total current monthly income. ............... Copy line 11 from Official Form 22A-1 here=>    1.    $    **6,761.44**

2. **Did you fill out Column B in Part 1 of Form 22A-1?**
   ☐ No.    Fill in $0 on line 3d.
   ■ Yes.    Is your spouse Filing with you?
      ☐ No.    Go to line 3.
      ■ Yes.    Fill in $0 on line 3d.

3. **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:
   ■ No.    Fill in $0 on line 3d.
   ☐ Yes.    Fill in the information below:

   | State each purpose for which the income was used For example, the income is used to pay your spouse's tax debt or to support other than you or your dependents. | Fill in the amount you are subtracting from your spouse's income |
   |---|---|
   | 3a. _____ | $ _____ |
   | 3b. _____ | $ _____ |
   | 3c. _____ | $ _____ |
   | 3d. **Total.** Add lines 3a, 3b, and 3c | $ **0.00** |

   Copy total here=>...3d.    - $    **0.00**

4. **Adjust your current monthly income.** Subtract line 3d from line 1.

   $    **6,761.44**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **William B. Dicksen** | | |
|---|---|---|---|
| Debtor 2 | **Dolores V. Dicksen** | | Case number (*if known*) |

| Part 2: | Calculate Your Deductions from Your Income |
|---|---|

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted fro your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from in income in lines 5 and 6 of form 22A-1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the from refers to *you,* it means both you and your spouse if Column B of Form 22A-1 is filled in.

5.   **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

| | **3** |
|---|---|

| National Standards | You must use the IRS National Standards to answer the questions in lines 6-7. |
|---|---|

6.   **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.                                    $ _____ **1,249.00**

7.   **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

**People who are under 65 years of age**

| 7a. | Out-of-pocket health care allowance per person | $ _____ **60** | | |
|---|---|---|---|---|
| 7b. | Number of people who are under 65 | X _____ **3** | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ _____ **180.00** | Copy line 7c here=> | $ _____ **180.00** |

**People who are 65 years of age or older**

| 7d. | Out-of-pocket health care allowance per person | $ _____ **144** | | |
|---|---|---|---|---|
| 7e. | Number of people who are 65 or older | X _____ **0** | | |
| 7f. | **Subtotal.** Multiply line 7d by line 7e. | $ _____ **0.00** | Copy line 7f here=> | $ _____ **0.00** |

| 7g. | **Total.** Add line 7c and line 7f | $ _____ **180.00** | Copy total here=> 7g. | $ _____ **180.00** |
|---|---|---|---|---|

Debtor 1    **William B. Dicksen**
Debtor 2    **Dolores V. Dicksen**                        Case number (*if known*) _____

| **Local Standards** | You must use the IRS Local Standards to answer the questions in lines 8-15. |
| --- | --- |

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

Housing and utilities - Insurance and operating expenses
Housing and utilities - Mortgage or rent expenses

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart.**

To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

8.    **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.    $    **610.00**

9.    **Housing and utilities - Mortgage or rent expenses:**

     9a.    Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.    9a. $    **1,570.00**

     9b.    Total average monthly payment for all mortgages and other debts secured by your home.

         To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of the creditor | Average monthly payment |
| --- | --- |
| **Citizens Bank** | $    **200.00** |
| **PNC Mortgage** | $    **1,374.95** |

         9b. Total average monthly payment    $    **1,574.95**    Copy line 9b here=>    -$    **1,574.95**

     9c.    Net mortgage or rent expense.

         Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0.    9c. $    **0.00**    Copy line 9c here=>    $    **0.00**

10.    **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $    **0.00**

     Explain why: _____

11.    **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

     ☐ 0. Go to line 14.

     ☐ 1. Go to line 12.

     ☒ 2 or more. Go to line 12.

12.    **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.    $    **756.00**

| Debtor 1 | **William B. Dicksen** | |
|---|---|---|
| Debtor 2 | **Dolores V. Dicksen** | Case number (*if known*) |

---

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments

**Vehicle 1**   **Describe Vehicle 1:**   **2012 Kia Rio 5-door hatchback, automatic transmission, 57,000 miles, located at Joint Debtor's residence.**

13a. Ownership or leasing costs using IRS Local Standard         13a.    $        **517.00**

13b. Average monthly payment for all debts secured by Vehicle 1.
Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you filed for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| **Eastern Bank** | $        **168.60** |

Copy 13b here =>  -$        **168.60**

13c. Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. if this amount is less than $0, enter $0.         13c.    $        **348.40**    Copy net Vehicle 1 expense here => $        **348.40**

**Vehicle 2**   **Describe Vehicle 2:**   **2008 Ford Ranger pickup, automatic transmission, 77,000 miles, located at Debtor's residence.**

13d. Ownership or leasing costs using IRS Local Standard         13d.    $        **517.00**

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| **Eastern Bank** | $        **132.23** |

Copy 13e here =>  -$        **132.23**

13f. Net Vehicle 2 ownership or lease expense
Subtract line 13b from line 13a. if this amount is less than $0, enter $0.         13f.    $        **384.77**    Copy net Vehicle 2 expense here => $        **384.77**

14. **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.         $        **0.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.         $        **0.00**

---

| Debtor 1 | **William B. Dicksen** | | |
|---|---|---|---|
| Debtor 2 | **Dolores V. Dicksen** | Case number (*if known*) | |

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes. $ _____ 956.88

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings. $ _____ 0.00

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance. Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term. $ _____ 52.55

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35. $ _____ 0.00

20. **Education:** The total monthly amount that you pay for education that is either required:
as a condition for your job, or
for your physically or mentally challenged dependent child if no public education is available for similar services. $ _____ 0.00

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education. $ _____ 0.00

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.

Payments for health insurance or health savings accounts should be listed only in line 25. $ _____ 0.00

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 22A-1, or any amount you previously deducted. +$ _____ 0.00

24. **Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23. $ _____ 4,537.60

Debtor 1    **William B. Dicksen**
Debtor 2    **Dolores V. Dicksen** _____          Case number (*if known*) _____

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. |
| --- | --- |
| | *Note*: Do not include any expense allowances listed in lines 6-24. |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

Health insurance                             $ _____**403.31**

Disability insurance                          $ _____**0.00**

Health savings account                   + $ _____**0.00**

Total                                $ _____**403.31**    Copy total here=> ................................ $ _____**403.31**

Do you actually spend this total amount?

☐    No. How much do you actually spend?

■    Yes                                                    $ _____

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.          $ _____**0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.

By law, the court must keep the nature of these expenses confidential.          $ _____**0.00**

28. **Additional home energy costs.** Your home energy costs are included in your non-mortgage housing and utilities allowance on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in the non-mortgage housing and utilities allowance, then fill in the excess amount of home energy costs.

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.          $ _____**0.00**

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $156.25* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

* Subject to adjustment on 4/01/16, and every 3 years after that for cases begun on or after the date of adjustment.          $ _____**0.00**

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.          $ _____**0.00**

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 26 U.S.C. § 170(c)(1)-(2)..          $ _____**0.00**

32. **Add all of the additional expense deductions**          $ _____**403.31**
    Add lines 25 through 31.

| Debtor 1 | **William B. Dicksen** | | |
|---|---|---|---|
| Debtor 2 | **Dolores V. Dicksen** | | Case number (*if known*) |

---

### Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33g.**

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

   | | | **Average monthly payment** |
   |---|---|---|

   **Mortgages on your home:**

   33a.  Copy line 9b here   =>   $ __1,574.95__

   **Loans on your first two vehicles**

   33b.  Copy line 13b here   =>   $ __168.60__

   33c.  Copy line 13e here   =>   $ __132.23__

   | Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
   |---|---|---|---|
   | 33d.  **-NONE-** | | ☐ No<br>☐ Yes | $ |
   | 33e. | | ☐ No<br>☐ Yes | $ |
   | 33f. | | ☐ No<br>☐ Yes | +$ |

   33g.  Total average monthly payment. Add lines 33a through 33f     $ __1,875.78__     Copy total here=> $ __1,875.78__

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

   ☒ No.   Go to line 35.
   ☐ Yes.  State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

   | Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
   |---|---|---|---|---|
   | **-NONE-** | | $ | ÷ 60 = | $ |

   Total $ __0.00__     Copy total here=> $ __0.00__

35. **Do you owe any priority claims such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

   ☐ No.   Go to line 36.
   ☒ Yes.  Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

   Total amount of all past-due priority claims     $ __27,450.47__ ÷ 60 = $ __457.51__

---

Debtor 1    **William B. Dicksen**

Debtor 2    **Dolores V. Dicksen**    Case number (*if known*) _____

---

36. **Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).
    For more information, go online using the link for *Bankruptcy Basics* specified in the separate
    instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

    ■ No.    Go to line 37.
    ☐ Yes.   Fill in the following information.

    Projected monthly plan payment if you were filing under Chapter 13          $ _____

    Current multiplier for your district as stated on the list issued by the
    Administrative Office of the United States Courts (for districts in Alabama
    and North Carolina) or by the Executive Office for United States Trustees
    (for all other districts).                                                  X _____

    Average monthly administrative expense if you were filing under Chapter 13  $ _____ | Copy total
                                                                                            here=>  $ _____

37. **Add all of the deductions for debt payment.**                                       $    **2,333.29**
    Add lines 33g through 36.

---

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

    Copy line 24, *All of the expenses allowed under IRS
    expense allowances* .................................    $    **4,537.60**

    Copy line 32, *All of the additional expense deductions* ......    $    **403.31**

    Copy line 37, *All of the deductions for debt payment* ........  +$    **2,333.29**

    Total deductions                                        $    **7,274.20**    Copy total here=>    $    **7,274.20**

---

**Part 3:    Determine Whether There is a Presumption of Abuse**

39. **Calculate monthly disposable income for 60 months**

    39a. Copy line 4, *adjusted current monthly income*    $    **6,761.44**

    39b. Copy line 38, *Total deductions* .............    - $    **7,274.20**

    39c. Monthly disposable income. 11 U.S.C. § 707(b)(2).          Copy line
         Subtract line 39b from line 39a       $    **-512.76**    39c here=>$    **-512.76**

    For the next 60 months (5 years) ...................................    x 60

    39d. **Total.** Multiply line 39c by 60          39d.  $    **-30,765.60**    Copy line    $    **-30,765.60**
                                                                               39d here=>

40. **Find out whether there is a presumption of abuse.** Check the box that applies:

    ■ **The line 39d is less than $7,475*.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

    ☐ **The line 39d is more than $12,475*.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out
      Part 4 if you claim special circumstances. Go to Part 5.

    ☐ **The line 39d is at least $7,475*, but not more than $12,475*.** Go to line 41.

    *Subject to adjustment on 4/01/16, and every 3 years after that for cases filed on or after the date of adjustment.

---

Debtor 1    **William B. Dicksen**

Debtor 2    **Dolores V. Dicksen**                                          Case number (*if known*)

---

41.   41a.   **Fill in the amount of your total nonpriority unsecured debt.** If you filled out
*A Summary of Your Assets and Liabilities and Certain Statistical Information
Schedules* (Official form 6), you may refer to line 5 on that form.    41a.    $ _____

x      .25

41b.   **25% or your total nonpriority unsecured debt.** 11 U.S.C. § 707(b)(2)(A)(i)(1)    $ _____

Multiply line 41a by 0.25.

Copy
here=>     $ _____

42.   **Determine whether the income you have left over after subtracting all allowed deductions is enough to pay
25% of your unsecured, nonpriority debt.**
Check the box that applies:

☐   **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.*
Go to Part 5.

☐   **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a
presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

| Part 4: | Give Details About Special Circumstances |
|---------|------------------------------------------|

43.   **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no
reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

☒   No.  Go to Part 5.

☐   Yes. Fill in the following information. All figures should reflect your average monthly expense or income adjustment  for
each item. You may include expenses you listed in line 25.

You must give a detailed explanation of the special circumstances that make the expenses or income adjustments
necessary and reasonable. You must also give your case trustee documentation of your actual expenses or income
adjustments.

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---------------------------------------------------------|----------------------------------------------|
|                                                         | $ _____                                 |
|                                                         | $ _____                                 |
|                                                         | $ _____                                 |
|                                                         | $ _____                                 |

| Part 5: | Sign Below |
|---------|------------|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X  **/s/ William B. Dicksen**                              X  **/s/ Dolores V. Dicksen**
**William B. Dicksen**                                        **Dolores V. Dicksen**
Signature of Debtor 1                                         Signature of Debtor 2

Date  **May 14, 2015**                                   Date  **May 14, 2015**
MM / DD  / YYYY                                              MM / DD  / YYYY

---

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **William B. Dicksen** | | Case number (*if known*) | |
| Debtor 2 | **Dolores V. Dicksen** | | | |

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**

Income for the Period **11/01/2014** to **04/30/2015**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**

Source of Income: **Tiffany and Company**

Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **11/2014** | **$4,062.12** |
| 5 Months Ago: | **12/2014** | **$3,696.42** |
| 4 Months Ago: | **01/2015** | **$4,342.42** |
| 3 Months Ago: | **02/2015** | **$3,598.54** |
| 2 Months Ago: | **03/2015** | **$3,923.59** |
| Last Month: | **04/2015** | **$3,913.70** |
| | Average per month: | **$3,922.80** |

**Line 10 - Income from all other sources**

Source of Income: **Business sale proceeds**

Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **11/2014** | **$1,000.00** |
| 5 Months Ago: | **12/2014** | **$1,000.00** |
| 4 Months Ago: | **01/2015** | **$1,000.00** |
| 3 Months Ago: | **02/2015** | **$1,000.00** |
| 2 Months Ago: | **03/2015** | **$1,000.00** |
| Last Month: | **04/2015** | **$1,000.00** |
| | Average per month: | **$1,000.00** |

| Debtor 1 | **William B. Dicksen** | | |
|---|---|---|---|
| Debtor 2 | **Dolores V. Dicksen** | Case number (*if known*) | |

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **11/01/2014** to **04/30/2015**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Caremark**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **11/2014** | **$4,307.05** |
| 5 Months Ago: | **12/2014** | **$2,988.80** |
| 4 Months Ago: | **01/2015** | **$2,988.80** |
| 3 Months Ago: | **02/2015** | **$747.20** |
| 2 Months Ago: | **03/2015** | **$0.00** |
| Last Month: | **04/2015** | **$0.00** |
| | Average per month: | **$1,838.64** |

**Line 8 ssa - Unemployment compensation (Non-CMI)**
Source of Income: **Unemployment compensation**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **11/2014** | **$0.00** |
| 5 Months Ago: | **12/2014** | **$0.00** |
| 4 Months Ago: | **01/2015** | **$0.00** |
| 3 Months Ago: | **02/2015** | **$1,971.67** |
| 2 Months Ago: | **03/2015** | **$1,971.67** |
| Last Month: | **04/2015** | **$1,971.67** |
| | Average per month: | **$985.84** |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com