UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:  WILLIAM B. DICKSEN              Chapter 7
        DOLORES V. DICKSEN              BK No.   15-11016

              Debtors

## CHAPTER 7 TRUSTEE'S APPLICATION TO APPROVE COMPROMISE

Charles A. Pisaturo, Jr., chapter 7 trustee in the above captioned case, hereby moves pursuant to Bankruptcy Rule 9019(a) that this Court enter an order approving the proposed settlement of the bankruptcy estate's claims and interests in and to a promissory note obligation as more particularly described below.  In support hereof, the trustee states as follows:

Background:

1. The debtors filed their chapter 7 bankruptcy petition on May 14, 2015.  The undersigned is the duly appointed trustee.

2. At the time of the filing, the debtor owned a partially-exempt promissory note related to a pre-petition sale by the debtor of his interest in a business entity.  The promissory note is property of the estate.  The payor on the note is the debtor's former business partner, Ronald Bower, the owner of Overflow Machine, LLC.  Overflow Machine is a machine shop making custom machine parts.  The business is based in Walpole, Massachusetts.  The debtor and Mr. Bower were former partners.  Mr. Bower bought out the debtor's interest in Overflow prior to the bankruptcy filing.  The pre-petition agreement allowed Mr. Bower to pay $1,000 per month until the purchase price was paid in full.  As of the bankruptcy filing date, Bower owed $32,000.  As of the date of this motion to compromise, Mr. Bower owes $9,000.  Mr. Bower was paying the estate $1,000 per month.   Since the bankruptcy filing and the trustee's collection of the promissory note payments, there have been months when Mr. Bower has been unable to

1

make the monthly note payment.  The business of Overflow Machines has been unsteady at best.

     3.     There are nine (9) months remaining on the note, or $9,000.  If all payments were timely made (and the trustee notes that during this case, Mr. Bower has not made all payments timely during the case) then the payments would be completed by July, 2019.

     4.     Mr. Bower has recently informed the trustee of a possible anticipatory default based on poor cash flow.  He states that one of his largest customers has not contacted him for an order in a long time and he fears that he may have lost that customer. He also disclosed to the trustee other liabilities that he is attempting to manage.  Those other obligations are what the trustee would describe as "priority" claims.

     5.     Through October 18, 2018, the trustee has received payments totaling $22,689.85.

     6.     The claims deadline has expired.  The filed claims total approximately $11,400[1].  All of the filed claims are income tax claims filed by the Internal Revenue Service and the Commonwealth of Massachusetts.

## The Compromise

     7.     In order to (i) file a final report and make a distribution to creditors in this case and within the next several months, as opposed to waiting until the end of July, 2019 to completely collect all funds due under the note, and then, thereafter, file a final report likely leading to a distribution to creditors in September, 2019; and (ii) cut down on the risk that Mr. Bower may default in the next nine (9) months, the trustee has offered Mr. Bower and Mr. Bower has accepted – subject to this Court's approval – a discount in the monies due under the

---

[1] The total of all allowed claims only recently dropped to $11,400 because of an amended IRS claim that reduced to $8,044 from $23,934.

note that allows Mr. Bower to pay a total of $5,000 on or before December 31, 2018.  Mr. Bower is prepared to make payments to the trustee as follows:

- $2,000 in good clear funds on or before November 26, 2018;

- $2,000 in good clear funds on or before December 17, 2018;

- $1,000 in good clear funds on or before December 31, 2018.

The trustee has agreed to accept the foregoing in full and final satisfaction of any further obligations against Mr. Bower and/or Overflow Machines, Inc. under the note or otherwise.  In this way, the trustee believes that he will be able to file a final report and make a first and final distribution to creditors with allowed claims in the first quarter of 2019.

In the event that Mr. Bowers defaults in the timely payment of the discounted plan, then the whole remaining debt under the note shall be reinstated and any payments made simply a credit toward the remaining outstanding balance.

8. The trustee projects that after administrative claims as allowed by this Court, there would be an approximate 100% dividend to allowed, timely filed claims.  The proposed compromise, however, is not guaranteeing, and is not conditioned upon, a minimum dividend to creditors.

## Reasons to Approve the Compromise

9. The compromise avoids the risks associated with the non-payment under the note and the fees and costs of having to enforce collection efforts (e.g., demand letters, a lawsuit, etc.).  It also avoids the delay in distribution to creditors in this case.

10. Pursuant to Bankruptcy Rule 9019(a), this Court has authority to approve the proposed settlements.  The First Circuit has held that "A settlement agreement should be approved as long as it

does not 'fall below the lowest point in the range of reasonableness.'" In re Healthco Ina, Inc., 136 F.3d 45, 51 (1st Cir. 1998), quoting In re W.T. Grant Co., 699 F.2d 599, 608 (2nd Cir. 1983). See also, In re Mailman Steam Carpet Cleaning Corp., 212 F.3d 632 (1st Cir. 2000) (test is whether the trustee's actions fall within the universe of reasonable actions, not whether pressing onward might produce more funds). According to the First Circuit, a bankruptcy court, or here this Court, should consider the following factors in determining whether to approve a settlement:

a) The probability of success in the litigation being compromised;

b) The difficulties to be encountered in the matter of collection;

c) The complexity of the litigation involved and the expense, inconvenience and delay in pursuing the litigation; and

d) The paramount interest of the creditors and a proper deference to their reasonable views. Jeffrey v. Desmond, 70 F.2d 183, 185 (1st Cir. 1995).

11.     The Trustee respectfully submits that these factors militate in favor of approving the proposed settlement, and the Court should accept his business judgment in this instance. The trustee believes that the compromise is fair and reasonable and in the best interest of the estate, and that the compromise should be approved.

WHEREFORE, for the foregoing reasons, the trustee requests that this Court approve the compromise described above, authorize the trustee to execute any necessary documents to carry out the terms of the settlement, and for such other and further relief as is just.

4

                                    CHARLES A. PISATURO, JR.
                                    Trustee, By his Attorneys,

November 19, 2018            /s/Charles A. Pisaturo, Jr.
                                    CHARLES A. PISATURO, JR. (REG. NO. 4615)
                                    Law Offices of Charles A. Pisaturo, Jr.
                                    1055 Elmwood Avenue
                                    Providence, RI   02907
                                    TEL:   (401) 274-3800
                                    FAX: (401) 751-6786

## NOTICE

Within twenty-one (21) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of November, 2018, I served by electronic filing (ECF) or by first-class mail, postage pre-paid, a true copy of the within CHAPTER 7 TRUSTEE'S APPLICATION TO APPROVE COMPROMISE to the following parties and the attached mailing label matrix: Gary L. Donahue, Esq., Assistant U.S. Trustee, T. Michael Banks, Esq., Eva M. Massimino, Esq.:

Craig R. Jalbert
Verdolino & Lowey, P.C.
124 Washington Street
Foxborough, MA 02035

State of Rhode Island - Division of Taxation
Bankruptcy Unit
Collections
One Capitol Hill
Providence, RI 02908            /s/ Jennifer Peters
                                    Law Offices of Charles A. Pisaturo, Jr.
                                    1055 Elmwood Avenue
                                    Providence, RI   02907