# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: DICKSEN, WILLIAM B. | § | Case No. 1:15-11016-DF |
| DICKSEN, DOLORES V. | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code was filed on May 14, 2015.  The undersigned trustee was appointed on May 14, 2015.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4.  The trustee realized the gross receipts of        $          27,689.85

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 14.77 |
| Bank service fees | 437.25 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

Leaving a balance on hand of[1]        $          27,237.83

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing  non-governmental claims in this case was 09/11/2015 and the deadline for filing governmental claims was 11/10/2015.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C** .

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,714.80.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,714.80, for a total compensation of $2,714.80.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $123.17, for total expenses of $123.17.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: _03/26/2019_____        By: /s/Charles A. Pisaturo Jr._____
                                                            Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

## Form 1
### Individual Estate Property Record and Report
### Asset Cases

Page: 1

| | |
|---|---|
| **Case Number:** 1:15-11016-DF | **Trustee:** (590100) Charles A. Pisaturo Jr. |
| **Case Name:** DICKSEN, WILLIAM B. | **Filed (f) or Converted (c):** 05/14/15 (f) |
| DICKSEN, DOLORES V. | **§341(a) Meeting Date:** 06/09/15 |
| **Period Ending:** 03/26/19 | **Claims Bar Date:** 09/11/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1  Two-bedroom house, Drive, Johnston, RI 02919, ap Orig. Asset Memo: Imported from original petition Doc# 1 | 160,200.00 | 0.00 | | 0.00 | FA |
| 2  Cash in personal possession. Orig. Asset Memo: Imported from original petition Doc# 1 | 9.00 | 0.00 | | 0.00 | FA |
| 3  Checking account, Citizens Bank, 1 Citizens Dr., Orig. Asset Memo: Imported from original petition Doc# 1 | 0.50 | 0.00 | | 0.00 | FA |
| 4  Checking account, Navigant Credit Union, 1005 Do Orig. Asset Memo: Imported from original petition Doc# 1 | 412.33 | 0.00 | | 0.00 | FA |
| 5  Statement Share account, Navigant Credit Union, Orig. Asset Memo: Imported from original petition Doc# 1 | 1,109.00 | 0.00 | | 0.00 | FA |
| 6  Business checking account, Santander Bank, 1414 Orig. Asset Memo: Imported from original petition Doc# 1 | 64.93 | 0.00 | | 0.00 | FA |
| 7  Business savings account, Santander Bank, 1414 A Orig. Asset Memo: Imported from original petition Doc# 1 | 36.28 | 0.00 | | 0.00 | FA |
| 8  Checking account, Citizens Bank, 1 Citizens Dr., Orig. Asset Memo: Imported from original petition Doc# 1 | 4.45 | 0.00 | | 0.00 | FA |
| 9  Living Room: two couches, desk, two chairs, thre Orig. Asset Memo: Imported from original petition Doc# 1 | 5,900.00 | 0.00 | | 0.00 | FA |
| 10  Personal and work clothing and shoes for both Orig. Asset Memo: Imported from original petition Doc# 1 | 3,000.00 | 0.00 | | 0.00 | FA |
| 11  14K gold, 1 cttw. diamond engagement ring ($500) Orig. Asset Memo: Imported from original petition Doc# 1 | 1,000.00 | 0.00 | | 0.00 | FA |
| 12  Mens 14K gold wedding band | 160.00 | 0.00 | | 0.00 | FA |

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

| | |
|---|---|
| **Case Number:** 1:15-11016-DF | **Trustee:** (590100) Charles A. Pisaturo Jr. |
| **Case Name:** DICKSEN, WILLIAM B. | **Filed (f) or Converted (c):** 05/14/15 (f) |
| DICKSEN, DOLORES V. | **§341(a) Meeting Date:** 06/09/15 |
| **Period Ending:** 03/26/19 | **Claims Bar Date:** 09/11/15 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | Orig. Asset Memo: Imported from original petition<br>Doc# 1 | | | | | |
| 13 | IRA account, managed by Merrill EDGE Advisory Ce<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 4,645.26 | 0.00 | | 0.00 | FA |
| 14 | 401(k) account with employer, Tiffany & Co., 200<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 8,050.23 | 0.00 | | 0.00 | FA |
| 15 | 401(k) from previous employer (CVS/Caremark), ma<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 57,962.49 | 0.00 | | 0.00 | FA |
| 16 | Employer Stock Purchase Plan, managed by Compute<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 548.22 | 0.00 | | 0.00 | FA |
| 17 | 2008 Ford Ranger pickup, automatic transmission,<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 5,451.00 | 0.00 | | 0.00 | FA |
| 18 | 2012 Kia Rio 5-door hatchback, automatic transmi<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 7,900.00 | 0.00 | | 0.00 | FA |
| 19 | 1994 Toyota Corolla DX 4-door sedan, automatic t<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 932.00 | 0.00 | | 0.00 | FA |
| 20 | One dog<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 10.00 | 0.00 | | 0.00 | FA |
| 21 | Debtor is entitled to receive payment of $1,000<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1 | 45,000.00 | 27,689.85 | | 27,689.85 | FA |
| **21** | **Assets** Totals (Excluding unknown values) | **$302,395.69** | **$27,689.85** | | **$27,689.85** | **$0.00** |

**Major Activities Affecting Case Closing:**

Exhibit A

Page: 3

# Form 1

## Individual Estate Property Record and Report

## Asset Cases

| | |
|---|---|
| **Case Number:** 1:15-11016-DF | **Trustee:**  (590100)  Charles A. Pisaturo Jr. |
| **Case Name:**  DICKSEN, WILLIAM B. | **Filed (f) or Converted (c):** 05/14/15 (f) |
|  DICKSEN, DOLORES V. | **§341(a) Meeting Date:** 06/09/15 |
| **Period Ending:** 03/26/19 | **Claims Bar Date:** 09/11/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property)<br><br>Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**Initial Projected Date Of Final Report (TFR):**    June 9, 2016          **Current Projected Date Of Final Report (TFR):**    March 26, 2019  (Actual)

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

| | |
|---|---|
| **Case Number:** | 1:15-11016-DF |
| **Case Name:** | DICKSEN, WILLIAM B. |
| | DICKSEN, DOLORES V. |
| **Taxpayer ID #:** | **-***5490 |
| **Period Ending:** | 03/26/19 |

| | |
|---|---|
| **Trustee:** | Charles A. Pisaturo Jr. (590100) |
| **Bank Name:** | Rabobank, N.A. |
| **Account:** | ******1366 - Checking Account |
| **Blanket Bond:** | $15,000,000.00  (per case limit) |
| **Separate Bond:** | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|---|
| 08/22/16 | | Overflow Machine LLC | Acct #5015741366; Payment #1, 2; Payment towards promissory note obligation | | | 1,000.00 | | 1,000.00 |
| | {21} | | Acct #5015741366; Payment #1; Payment towards promissory note obligation | 689.85 | 1121-000 | | | 1,000.00 |
| | {21} | | Acct #5015741366; Payment #2; Payment towards promissory note obligation | 310.15 | 1121-000 | | | 1,000.00 |
| 08/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 990.00 |
| 09/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 980.00 |
| 10/07/16 | | Overflow Machine LLC | Acct #5015741366; Payment #2, 3; Payment towards promissory note obligation | | | 1,000.00 | | 1,980.00 |
| | {21} | | Acct #5015741366; Payment #2; Payment towards promissory note obligation | 689.85 | 1121-000 | | | 1,980.00 |
| | {21} | | Acct #5015741366; Payment #3; Payment towards promissory note obligation | 310.15 | 1121-000 | | | 1,980.00 |
| 10/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 1,970.00 |
| 11/16/16 | | Overflow Machine LLC | Acct #5015741366; Payment #3, 4; Payment towards promissory note obligation | | | 1,000.00 | | 2,970.00 |
| | {21} | | Acct #5015741366; Payment #3; Payment towards promissory note obligation | 689.85 | 1121-000 | | | 2,970.00 |
| | {21} | | Acct #5015741366; Payment #4; Payment towards promissory note obligation | 310.15 | 1121-000 | | | 2,970.00 |
| 11/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 2,960.00 |
| 12/07/16 | | Overflow Machine LLC | Acct #5015741366; Payment #4, 5; Payment towards promissory note obligation | | | 1,000.00 | | 3,960.00 |
| | {21} | | Acct #5015741366; Payment #4; Payment towards promissory note | 689.85 | 1121-000 | | | 3,960.00 |

| | | Subtotals : | $4,000.00 | $40.00 |
|---|---|---|---|---|

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

| | |
|---|---|
| **Case Number:** | 1:15-11016-DF |
| **Case Name:** | DICKSEN, WILLIAM B. |
| | DICKSEN, DOLORES V. |
| **Taxpayer ID #:** | **-***5490 |
| **Period Ending:** | 03/26/19 |

| | |
|---|---|
| **Trustee:** | Charles A. Pisaturo Jr. (590100) |
| **Bank Name:** | Rabobank, N.A. |
| **Account:** | ******1366 - Checking Account |
| **Blanket Bond:** | $15,000,000.00  (per case limit) |
| **Separate Bond:** | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| | | | obligation | | | | |
| | {21} | | Acct #5015741366;                310.15 Payment #5; Payment towards promissory note obligation | 1121-000 | | | 3,960.00 |
| 12/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,950.00 |
| 01/30/17 | | Overflow Machine LLC | Acct #5015741366; Payment #5, 6; Payment towards promissory note obligation | | 1,000.00 | | 4,950.00 |
| | {21} | | Acct #5015741366;                689.85 Payment #5; Payment towards promissory note obligation | 1121-000 | | | 4,950.00 |
| | {21} | | Acct #5015741366;                310.15 Payment #6; Payment towards promissory note obligation | 1121-000 | | | 4,950.00 |
| 01/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,940.00 |
| 02/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 4,930.00 |
| 03/17/17 | | Overflow Machine LLC | Acct #5015741366; Payment #6, 7; Payment towards promissory note obligation | | 1,000.00 | | 5,930.00 |
| | {21} | | Acct #5015741366;                689.85 Payment #6; Payment towards promissory note obligation | 1121-000 | | | 5,930.00 |
| | {21} | | Acct #5015741366;                310.15 Payment #7; Payment towards promissory note obligation | 1121-000 | | | 5,930.00 |
| 03/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 5,920.00 |
| 04/27/17 | | Overflow Machine LLC | Acct #5015741366; Payment #7, 8; Payment towards promissory note obligation | | 1,000.00 | | 6,920.00 |
| | {21} | | Acct #5015741366;                689.85 Payment #7; Payment towards promissory note obligation | 1121-000 | | | 6,920.00 |
| | {21} | | Acct #5015741366;                310.15 Payment #8; Payment towards promissory note obligation | 1121-000 | | | 6,920.00 |

Subtotals :                    $3,000.00          $40.00

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 3

| | | |
|---|---|---|
| **Case Number:** | 1:15-11016-DF | |
| **Case Name:** | DICKSEN, WILLIAM B. | |
| | DICKSEN, DOLORES V. | |
| **Taxpayer ID #:** | **-***5490 | |
| **Period Ending:** | 03/26/19 | |

| | |
|---|---|
| **Trustee:** | Charles A. Pisaturo Jr. (590100) |
| **Bank Name:** | Rabobank, N.A. |
| **Account:** | ******1366 - Checking Account |
| **Blanket Bond:** | $15,000,000.00  (per case limit) |
| **Separate Bond:** | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 04/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 6,910.00 |
| 05/30/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #8; Payment towards promissory note obligation | 1121-000 | 500.00 | | 7,410.00 |
| 05/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.93 | 7,399.07 |
| 06/05/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #8; Payment towards promissory note obligation | 1121-000 | 100.00 | | 7,499.07 |
| 06/07/17 | | Overflow Machine LLC | Acct #5015741366; Payment #8, 9; Payment towards promissory note obligation | | 150.00 | | 7,649.07 |
| | {21} | | Acct #5015741366;              89.85 Payment #8; Payment towards promissory note obligation | 1121-000 | | | 7,649.07 |
| | {21} | | Acct #5015741366;              60.15 Payment #9; Payment towards promissory note obligation | 1121-000 | | | 7,649.07 |
| 06/13/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #9; Payment towards promissory note obligation | 1121-000 | 250.00 | | 7,899.07 |
| 06/19/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #9; Payment towards promissory note obligation | 1121-000 | 250.00 | | 8,149.07 |
| 06/26/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #9; Payment towards promissory note obligation | 1121-000 | 250.00 | | 8,399.07 |
| 06/30/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 11.26 | 8,387.81 |
| 07/18/17 | | Overflow Machine LLC | Acct #5015741366; Payment #10, 9; Payment towards promissory note obligation | | 500.00 | | 8,887.81 |
| | {21} | | Acct #5015741366;              310.15 Payment #10; Payment towards promissory note obligation | 1121-000 | | | 8,887.81 |
| | {21} | | Acct #5015741366;              189.85 Payment #9; Payment towards promissory note obligation | 1121-000 | | | 8,887.81 |
| 07/26/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #10; Payment towards promissory note obligation | 1121-000 | 500.00 | | 9,387.81 |
| 07/31/17 | 101 | International Sureties, LTD | BOND PREMIUM PAYMENT ON BANK BALANCE AS OF 07/31/2017 FOR CASE #15-11016, Bond #016027599 | 2300-000 | | 4.51 | 9,383.30 |
| 07/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 11.94 | 9,371.36 |

| | | | | Subtotals : | $2,500.00 | $48.64 | |

Exhibit B

# Form 2
## Cash Receipts And Disbursements Record

Page: 4

| | | | | | | |
|---|---|---|---|---|---|---|
| **Case Number:** | 1:15-11016-DF | | | **Trustee:** | Charles A. Pisaturo Jr. (590100) | |
| **Case Name:** | DICKSEN, WILLIAM B. | | | **Bank Name:** | Rabobank, N.A. | |
| | DICKSEN, DOLORES V. | | | **Account:** | ******1366 - Checking Account | |
| **Taxpayer ID #:** | **-***5490 | | | **Blanket Bond:** | $15,000,000.00  (per case limit) | |
| **Period Ending:** | 03/26/19 | | | **Separate Bond:** | N/A | |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|---|
| 08/09/17 | | Overflow Machine LLC | Acct #5015741366; Payment #10, 11;<br>Payment towards promissory note obligation | | | 500.00 | | 9,871.36 |
| | {21} | | Acct #5015741366; | 189.85 | 1121-000 | | | 9,871.36 |
| | | | Payment #10; Payment<br>towards promissory note<br>obligation | | | | | |
| | {21} | | Acct #5015741366; | 310.15 | 1121-000 | | | 9,871.36 |
| | | | Payment #11; Payment<br>towards promissory note<br>obligation | | | | | |
| 08/21/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #11; Payment<br>towards promissory note obligation | | 1121-000 | 500.00 | | 10,371.36 |
| 08/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 15.52 | 10,355.84 |
| 09/12/17 | | Overflow Machine LLC | Acct #5015741366; Payment #11, 12;<br>Payment towards promissory note obligation | | | 500.00 | | 10,855.84 |
| | {21} | | Acct #5015741366; | 189.85 | 1121-000 | | | 10,855.84 |
| | | | Payment #11; Payment<br>towards promissory note<br>obligation | | | | | |
| | {21} | | Acct #5015741366; | 310.15 | 1121-000 | | | 10,855.84 |
| | | | Payment #12; Payment<br>towards promissory note<br>obligation | | | | | |
| 09/28/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #12; Payment<br>towards promissory note obligation | | 1121-000 | 689.85 | | 11,545.69 |
| 09/29/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 14.78 | 11,530.91 |
| 10/26/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #13; Payment<br>towards promissory note obligation | | 1121-000 | 1,000.00 | | 12,530.91 |
| 10/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 17.88 | 12,513.03 |
| 11/30/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 17.99 | 12,495.04 |
| 12/04/17 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #14; Payment<br>towards promissory note obligation | | 1121-000 | 1,000.00 | | 13,495.04 |
| 12/29/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 18.47 | 13,476.57 |
| 01/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 21.32 | 13,455.25 |
| 02/12/18 | {21} | Overflow Machine | Acct #5015741366; Payment #15; Payment<br>towards promissory note obligation | | 1121-000 | 1,000.00 | | 14,455.25 |
| 02/28/18 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 18.78 | 14,436.47 |
| 03/26/18 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #16; Payment<br>towards promissory note obligation | | 1121-000 | 1,000.00 | | 15,436.47 |
| | | | Subtotals : | | | $6,189.85 | $124.74 | |

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 5

| | |
|---|---|
| **Case Number:** 1:15-11016-DF | **Trustee:** Charles A. Pisaturo Jr. (590100) |
| **Case Name:** DICKSEN, WILLIAM B. | **Bank Name:** Rabobank, N.A. |
| DICKSEN, DOLORES V. | **Account:** ******1366 - Checking Account |
| **Taxpayer ID #:** **-***5490 | **Blanket Bond:** $15,000,000.00  (per case limit) |
| **Period Ending:** 03/26/19 | **Separate Bond:** N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 03/30/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 20.90 | 15,415.57 |
| 04/10/18 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #16; Payment towards promissory note obligation | 1121-000 | 1,000.00 | | 16,415.57 |
| 04/30/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 22.24 | 16,393.33 |
| 05/21/18 | {21} | Overflow Machine | Acct #5015741366; Payment #18 | 1121-000 | 1,000.00 | | 17,393.33 |
| 05/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 26.36 | 17,366.97 |
| 06/13/18 | {21} | Overflow Machine | Acct #5015741366; Payment #19 | 1121-000 | 1,000.00 | | 18,366.97 |
| 06/29/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 24.86 | 18,342.11 |
| 07/03/18 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #20 | 1121-000 | 1,000.00 | | 19,342.11 |
| 07/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 29.38 | 19,312.73 |
| 08/02/18 | 102 | International Sureties, LTD | BOND PREMIUM PAYMENT ON BANK BALANCE AS OF 08/01/2018 FOR CASE #15-11016, Bond #016027599 | 2300-000 | | 10.26 | 19,302.47 |
| 08/20/18 | {21} | Overflow Machine | Acct #5015741366; Payment #21 | 1121-000 | 1,000.00 | | 20,302.47 |
| 08/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 29.17 | 20,273.30 |
| 09/13/18 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #22 | 1121-000 | 1,000.00 | | 21,273.30 |
| 09/28/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 15.93 | 21,257.37 |
| 10/18/18 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #23 | 1121-000 | 1,000.00 | | 22,257.37 |
| 10/31/18 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 19.54 | 22,237.83 |
| 11/26/18 | | Overflow Machine LLC | Acct #5015741366; Payment #24, 25 | | 2,000.00 | | 24,237.83 |
| | {21} | | Acct #5015741366;          1,000.00 Payment #24 | 1121-002 | | | 24,237.83 |
| | {21} | | Acct #5015741366;          1,000.00 Payment #25 | 1121-002 | | | 24,237.83 |
| 12/17/18 | | Overflow Machine LLC | Acct #5015741366; Payment #26, 27 | | 2,000.00 | | 26,237.83 |
| | {21} | | Acct #5015741366;          1,000.00 Payment #26 | 1121-002 | | | 26,237.83 |
| | {21} | | Acct #5015741366;          1,000.00 Payment #27 | 1121-002 | | | 26,237.83 |
| 12/31/18 | {21} | Overflow Machine LLC | Acct #5015741366; Payment #28 | 1121-000 | 1,000.00 | | 27,237.83 |

| | | | |
|---|---|---|---|
| **ACCOUNT TOTALS** | 27,689.85 | 452.02 | $27,237.83 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| **Subtotal** | 27,689.85 | 452.02 | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$27,689.85** | **$452.02** | |

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 6

| | |
|---|---|
| **Case Number:** | 1:15-11016-DF |
| **Case Name:** | DICKSEN, WILLIAM B. |
| | DICKSEN, DOLORES V. |
| **Taxpayer ID #:** | **-***5490 |
| **Period Ending:** | 03/26/19 |

| | |
|---|---|
| **Trustee:** | Charles A. Pisaturo Jr. (590100) |
| **Bank Name:** | Rabobank, N.A. |
| **Account:** | ******1366 - Checking Account |
| **Blanket Bond:** | $15,000,000.00  (per case limit) |
| **Separate Bond:** | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|

|  |  |
|---|---|
| Net Receipts : | 27,689.85 |
| Less Other Noncompensable Items : | 4,000.00 |
| Net Estate : | $23,689.85 |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| **Checking # ******1366** | **27,689.85** | **452.02** | **27,237.83** |
| | **$27,689.85** | **$452.02** | **$27,237.83** |

Printed:  03/26/19 10:27 AM

Page: 1

# Claims Proposed Distribution

## Case:  1:15-11016-DF    DICKSEN, WILLIAM B.

**Case Balance:**    $27,237.83        **Total Proposed Payment:**    $27,237.83        **Remaining Balance:**        $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| | Charles A. Pisaturo Jr. <2200-00  Trustee Expenses> | Admin Ch.  7 | 123.17 | 123.17 | 0.00 | 123.17 | 123.17 | 27,114.66 |
| | Charles A. Pisaturo Jr. <2100-00  Trustee Compensation> | Admin Ch.  7 | 2,714.80 | 2,714.80 | 0.00 | 2,714.80 | 2,714.80 | 24,399.86 |
| | Charles A. Pisaturo, Jr. <3110-00  Attorney for Trustee Fees (Trustee Firm)> | Admin Ch.  7 | 1,707.50 | 1,707.50 | 0.00 | 1,707.50 | 1,707.50 | 22,692.36 |
| | Craig Jalbert <3420-00  Accountant for Trustee Expenses (Other Firm)> | Admin Ch.  7 | 63.89 | 63.89 | 0.00 | 63.89 | 63.89 | 22,628.47 |
| | Craig Jalbert <3410-00  Accountant for Trustee Fees (Other Firm)> | Admin Ch.  7 | 3,227.50 | 3,227.50 | 0.00 | 3,227.50 | 3,227.50 | 19,400.97 |
| 1P-2 | Internal Revenue Service | Priority | 7,389.83 | 7,389.83 | 0.00 | 7,389.83 | 7,389.83 | 12,011.14 |
| 2P | Massachusetts Dept. of Revenue | Priority | 2,616.91 | 2,616.91 | 0.00 | 2,616.91 | 2,616.91 | 9,394.23 |
| 3P | Massachusetts Dept. of Revenue | Priority | 3,479.64 | 0.00 | 0.00 | 0.00 | 0.00 | 9,394.23 |
| 1U-2 | Internal Revenue Service | Unsecured | 654.60 | 654.60 | 0.00 | 654.60 | 654.60 | 8,739.63 |
| 2U | Massachusetts Dept. of Revenue | Unsecured | 588.78 | 588.78 | 0.00 | 588.78 | 588.78 | 8,150.85 |
| 3U | Massachusetts Dept. of Revenue | Unsecured | 605.98 | 0.00 | 0.00 | 0.00 | 0.00 | 8,150.85 |
| 1PI-2 | Internal Revenue Service | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 71.57 | 8,079.28 |
| 1UI-2 | Internal Revenue Service | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 6.34 | 8,072.94 |
| 2PI | Massachusetts Dept. of Revenue | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 25.35 | 8,047.59 |
| 2UI | Massachusetts Dept. of Revenue | Unsecured | 0.00 | 0.00 | 0.00 | 0.00 | 5.70 | 8,041.89 |
| SURPLUS | DICKSEN, WILLIAM B. | Unsecured | 8,041.89 | 8,041.89 | 0.00 | 8,041.89 | 8,041.89 | 0.00 |
| | **Total for Case 15-11016 :** | | **$31,214.49** | **$27,128.87** | **$0.00** | **$27,128.87** | **$27,237.83** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $7,836.86 | $7,836.86 | $0.00 | $7,836.86 | 100.000000% |
| **Total Priority Claims :** | $13,486.38 | $10,006.74 | $0.00 | $10,006.74 | 100.000000% |
| **Total Unsecured Claims :** | $9,891.25 | $9,285.27 | $0.00 | $9,394.23 | 101.173472% |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 1:15-11016-DF
Case Name: DICKSEN, WILLIAM B.
Trustee Name: Charles A. Pisaturo Jr.

| | **Balance on hand:** | **$** | 27,237.83 |
|---|---|---|---|

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | | None | | | |

| | Total to be paid to secured creditors: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 27,237.83 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Charles A. Pisaturo Jr. | 2,714.80 | 0.00 | 2,714.80 |
| Trustee, Expenses - Charles A. Pisaturo Jr. | 123.17 | 0.00 | 123.17 |
| Attorney for Trustee, Fees - Charles A. Pisaturo, Jr. | 1,707.50 | 0.00 | 1,707.50 |
| Accountant for Trustee, Fees - Craig Jalbert | 3,227.50 | 0.00 | 3,227.50 |
| Accountant for Trustee, Expenses - Craig Jalbert | 63.89 | 0.00 | 63.89 |

| | Total to be paid for chapter 7 administration expenses: | $ | 7,836.86 |
|---|---|---|---|
| | Remaining balance: | $ | 19,400.97 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| | | None | |

| | Total to be paid for prior chapter administrative expenses: | $ | 0.00 |
|---|---|---|---|
| | Remaining balance: | $ | 19,400.97 |

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $10,006.74 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1P-2 | Internal Revenue Service | 7,389.83 | 0.00 | 7,389.83 |
| 2P | Massachusetts Dept. of Revenue | 2,616.91 | 0.00 | 2,616.91 |
| 3P | Massachusetts Dept. of Revenue | 0.00 | 0.00 | 0.00 |

Total to be paid for priority claims: $ 10,006.74
Remaining balance: $ 9,394.23

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 1,243.38 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1U-2 | Internal Revenue Service | 654.60 | 0.00 | 654.60 |
| 2U | Massachusetts Dept. of Revenue | 588.78 | 0.00 | 588.78 |

Total to be paid for timely general unsecured claims: $ 1,243.38
Remaining balance: $ 8,150.85

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3U | Massachusetts Dept. of Revenue | 0.00 | 0.00 | 0.00 |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 8,150.85

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00

Remaining balance: $ 8,150.85

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.2% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $108.96. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 8,041.89.

**UST Form 101-7-TFR (05/1/2011)**

## Surplus to Debtor & Interest on Claims

### Trustee:  Charles A. Pisaturo Jr.  (590100)

Case:  15-11016  DICKSEN, WILLIAM B.                    Petition Date: 05/14/15   Date of Proposed Payment: 05/26/19

| Claim # | Claimant Name | T_Code | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Proposed Interest | Total Proposed | Maximum Interest |
|---|---|---|---|---|---|---|---|---|---|
| | Charles A. Pisaturo Jr. | 2200-00 | 123.17 | 0.00 | 123.17 | 123.17 | | 123.17 | |
| | Charles A. Pisaturo Jr. | 2100-00 | **Ignore** 3,118.99 | 0.00 | 3,118.99 | 2,714.80 | | 2,714.80 | |
| | Craig Jalbert | 3410-00 | 3,227.50 | 0.00 | 3,227.50 | 3,227.50 | | 3,227.50 | |
| | Craig Jalbert | 3410-00 | 63.89 | 0.00 | 63.89 | 63.89 | | 63.89 | |
| | Charles A. Pisaturo, Jr. | 3110-00 | 1,707.50 | 0.00 | 1,707.50 | 1,707.50 | | 1,707.50 | |
| 1P-2 | Internal Revenue Service | 5800-00 | 7,389.83 | 0.00 | 7,389.83 | 7,389.83 | 71.57 | 7,461.40 | 71.57 |
| 1U-2 | Internal Revenue Service | 7100-00 | 654.60 | 0.00 | 654.60 | 654.60 | 6.34 | 660.94 | 6.34 |
| 2P | Massachusetts Dept. of Revenue | 5800-00 | 2,616.91 | 0.00 | 2,616.91 | 2,616.91 | 25.35 | 2,642.26 | 25.35 |
| 2U | Massachusetts Dept. of Revenue | 7100-00 | 588.78 | 0.00 | 588.78 | 588.78 | 5.70 | 594.48 | 5.70 |
| 3P | Massachusetts Dept. of Revenue | 5800-00 | 0.00 | 0.00 | 0.00 | | | | |
| 3U | Massachusetts Dept. of Revenue | 7200-00 | 0.00 | 0.00 | 0.00 | | | | |
| | **Subtotal for Claims :** | | $19,491.17 | $0.00 | $19,491.17 | $19,086.98 | $108.96 | $19,195.94 | $108.96 |

**Disbursements not Tied to Claims (Group by Categories except Trustee Compensation)**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | <Excess Funds (Surplus+Equity) Not Tied to Claim> | 8200 | | 0.00 | | 8,041.89 | | 8,041.89 | |
| | <All Other Disbursements Not Tied to Claim> | | | 452.02 | | | | | |
| | **Subtotal for Non-Claims :** | | | $452.02 | | $8,041.89 | | $8,041.89 | $0.00 |

| | **Case Total :** | | $19,491.17 | $452.02 | $19,491.17 | $27,128.87 | $108.96 | $27,237.83 | $108.96 |

# Surplus to Debtor & Interest on Claims

### Trustee:  Charles A. Pisaturo Jr.  (590100)

Case:  15-11016  DICKSEN, WILLIAM B.                    Petition Date: 05/14/15   Date of Proposed Payment: 05/26/19

## Disbursement Summary

|       |                                  | PAID     | DUE         | TOTAL       |
|-------|----------------------------------|----------|-------------|-------------|
| 2100  | Trustee Compensation             | $0.00    | $2,714.80   | **$2,714.80**   |
| 7990  | Interest                         | $0.00    | $108.96     | **$108.96**     |
| 8100  | Exemptions                       | $0.00    | $0.00       | **$0.00**       |
| 8200  | Excess Funds (Surplus+Equity)    | $0.00    | $8,041.89   | **$8,041.89**   |
| 8500  | Funds Paid to 3rd Party          | $0.00    | $0.00       | **$0.00**       |
|       | All Other Disbursements          | $452.02  | $16,372.18  | **$16,824.20**  |
|       | **Total :**                      | **$452.02**  | **$27,237.83**  | **$27,689.85**  |

## Surplus to Debtor Calculation

| | | |
|---|---|---|
| Gross Receipts | $27,689.85 | |
| Plus Additional Funds to be Received | $0.00 | |
| Total Projected Gross Receipts | **$27,689.85** ▶ | $27,689.85 |
| | | |
| Less Compensable Disbursements: | | |
| Interest Disbursements @  0.2400% | $108.96 | |
| Trustee Compensation | $2,714.80 | |
| Other Compensable Disbursements | $16,824.20 | |
| Total Compensable Disbursements | **$19,647.96** ▶ | ( $19,647.96) |
| Less Exemptions | | $0.00 |
| Less Funds Paid to 3rd Parties | | $0.00 |
| Excess Funds (Surplus to Debtor + Equity Security Holder) | | **$8,041.89** |

## Selected Report Options

Ignore Existing Trustee Compensation Claims and Recalculate
    Create/Update Trustee Compensation Claim and Update Compensation Worksheet
Ignore Existing Interest Claims and Recalculate
    Create/Update Interest Claims
    Exclude Admin. Claims from Interest Calculation
Create/Update Surplus to Debtor Claims

## Compensation Calculation

| | |
|---|---|
| Total Compensable Disbursements | $19,647.96 |
| Less Trustee Compensation | ( $2,714.80) |
| Total Compensable Disbursements except Trustee Compensation (X) | **$16,933.16** |
| Calculated Compensation (Y) | **$2,714.80** |

$$Y = \frac{(X - \$5,000.00) \times 10\% + \$1,250.00}{0.90}$$

## Compensation Proof

| | |
|---|---|
| Total Projected Gross Receipts | $27,689.85 |
| Less Non-Compensable Disbursements: | |
| Less Exemptions | $0.00 |
| Less Funds Paid to 3rd Parties | $0.00 |
| Excess Funds | ( $8,041.89) |
| Projected Net Estate | **$19,647.96** |
| 25% of first $5,000.00 | 1,250.00 |
| 10% of next $14,647.96 | 1,464.80 |
| 5% of next $0.00 | 0.00 |
| 3% of remainder $0.00 | 0.00 |
| Total Compensation | **$2,714.80** |

Printed:  03/26/19 10:33 AM

# Trustee's Compensation

**Debtor:** DICKSEN, WILLIAM B.                                    **Case:** 15-11016

| Computation of Compensation | | | |
|---|---|---|---|
| Total disbursements to other than the debtor are: | | | 19,647.96 |
| Pursuant to 11 U.S.C. 326, compensation is computed as follows: | | | |
| 25% of First $5,000 | 5,000.00 | = | 1,250.00 |
| 10% of Next $45,000 | 14,647.96 | = | 1,464.80 |
| 5% of Next $950,000 | 0.00 | = | 0.00 |
| 3% of Balance | 0.00 | = | 0.00 |
| | | **Calculated Total Compensation:** | **$2,714.80** |
| | | Plus Adjustment: | 0.00 |
| | | **Total Compensation:** | **$2,714.80** |
| | | Less Previously Paid: | 0.00 |
| | | **Total Compensation Requested:** | **$2,714.80** |

| Trustee Expenses | | |
|---|---|---|
| Premium on Trustee's Bond | | 0.00 |
| Travel | 0.0 miles at 0.0 cents per mile | 0.00 |
| Copies | 268 copies at 20.0 cents per copy | 53.60 |
| Postage | | 69.57 |
| Telephone Charges | | 0.00 |
| Clerical / Secretarial | 0.00 hours at 0.00 dollars per hour | 0.00 |
| Paralegal Assistance | 0.00 hours at 0.00 dollars per hour | 0.00 |
| Supplies / Stationery | | 0.00 |
| Distribution Expenses | | 0.00 |
| Professional Expenses | | 0.00 |
| Other Expenses | | 0.00 |
| Other Expenses 2 | | 0.00 |
| | **Subtotal Expenses:** | **$123.17** |
| | Plus Adjustment: | 0.00 |
| | **Total Expenses:** | **$123.17** |
| | Less Previously Paid: | 0.00 |
| | **Total Expenses Requested:** | **$123.17** |

The undersigned Trustee certifies under penalty of perjury that the foregoing is true and correct to the best of his/her knowledge and requests the United States Trustee to approve this report and accounts and requests the Court to provide for notice and opportunity for a hearing under 11 U.S.C. 330(a), 502(b), and 503(b) and to thereafter award final compensation or reimbursement of expenses and to make final allowance for the purposes of distribution to claims, administrative expenses, and other payments stated in this report and account.

WHEREFORE, the Trustee requests that this application be approved by this Court and that the Trustee be granted an allowance of $2,714.80 as compensation and $123.17 for reimbursement of expenses.  The Trustee further states that no payments have been made or promised to him/her for services rendered or to be rendered in any capacity in this case.  No agreement or understanding exists between applicant and any other person for sharing compensation received or to be received.

Dated:  03/26/19                            Signed:__/s/ Charles A. Pisaturo Jr._____

                                                    Charles A. Pisaturo Jr.
                                                    1055 Elmwood Avenue

                                                    Providence, RI 02907

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:      WILLIAM B. DICKSEN                 Chapter 7
            DOLORES V. DICKSEN                 BK No.   15-11016

            Debtors

## FINAL APPLICATION FOR
## COMPENSATION OF TRUSTEE'S COUNSEL

Charles A. Pisaturo, Jr., Esq., (hereinafter, either "Pisaturo" or "trustee's counsel") in his

capacity as trustee's counsel, pursuant to Bankruptcy Code §330, Bankruptcy Rule of Procedure

2016, and Local Bankruptcy Rule 2016-1, hereby applies to this Court for final compensation in

the amount of **$1,707.50 for the time frame of June 11, 2015 through March 25, 2019.**  This

is a first and final application for trustee's counsel.  In support hereof, Pisaturo states as follows:

1.      The debtors filed their chapter 7 bankruptcy petition on May 14, 2015.  Pisaturo is

the duly appointed trustee.

2.      On June 11, 2015, the trustee filed an application (docket #12) to employ Pisaturo

as trustee's counsel under 11 U.S.C. §327(a) and on June 30, 2015, this Court entered an order

approving the application (docket #15).  Pisaturo commenced rendering services within thirty

(30) days before the filing of the employment application.

### Background

3.      At the time of the filing, debtor William Dicksen owned a $45,000 promissory

note "receivable" or debt due him in connection with his pre-petition sale of his interest in a

business to his former partner, Ronald Bower (see, Bankruptcy Schedule B, item #35).

4.      Trustee's counsel represented the trustee as collection counsel in the

collection of the unpaid promissory note and ultimately negotiated a settlement of the debt

1

which this Court approved through a compromise motion.

## Counsel's Services

5.       Trustee's counsel's services included general due diligence, including
investigating the Massachusetts Secretary of State's Uniform Commercial Code records (the note
was purportedly secured by all of the tangible assets of Mr. Bower's business entity, "Overflow
Machines, Inc."), communicating with Mr. Bower's counsel, preparation of a complaint for
turnover as Mr. Bower became delinquent in his obligations, dunning letters, and negotiations for
a buy-out.  In accordance with R.I. LBR 2016-1(a)(6), counsel states that he expended 5.2 hours
of time at a blended hourly rate of $328.06 per hour in performing legal services for the estate
for a total of $1,707.50 in legal time hours.

6.       In accordance with R.I. LBR 2016-1(a)(6), trustee's counsel's services included
the following (which services are more specifically described in the attached time records):

-       Review original note and UCC financing statements and UCC filings;

-       Notice letter to promissory note obligor;

-       Demand letter to promissory note obligor;

-       Prepare and serve notice of complaint against promissory note obligor (ultimately,
it was unnecessary for the trustee to file the complaint);

-       Track note payments and send demand letters as needed;

-       Negotiate discounted payoff agreement with obligor;

-       Prepare motion to approve compromise and detailed memorandum in support.

7.       Trustee's counsel has heretofore submitted a biography and has dispensed with
doing so here but will file another biography if the Court requires.  R.I. LBR 2016-1(a)(8).

2

8.      Trustee's counsel did not receive a retainer or any interim distribution and would respectfully submit that his efforts benefitted the estate, as described above, were necessary, and that the fee request is reasonable.  This is a final application, and this will be the final payment of attorney's fees for trustee's counsel.

9.      There is $27,237.83 on hand in this estate and the estate is administratively solvent.  The trustee projects 100% dividend on allowed filed claims and a surplus to the debtor.

10.      Trustee's counsel certifies that he is not seeking compensation for services which are properly "trustee" services.  R.I. LBR 2016-1(a)(7).

WHEREFORE, trustee's counsel requests that this Court approve his requested compensation in the amount of $1,707.50 and for such other and further relief as is just.

Charles A. Pisaturo, Jr., Chapter 7 Trustee,
By His Attorneys,


March 26, 2019                          /s/Charles A. Pisaturo, Jr.
                                        CHARLES A. PISATURO, JR. (REG. NO. 4615)
                                        Law Offices of Charles A. Pisaturo, Jr.
                                        1055 Elmwood Avenue
                                        Providence, RI   02907
                                        TEL:   (401) 274-3800
                                        FAX:   (401) 751-6786

## NOTICE

Within twenty one (21) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2019, I served via electronic filing (ECF) or regular US Mail, a true copy of the within FINAL APPLICATION FOR COMPENSATION OF TRUSTEE'S COUNSEL to the following parties: Gary L. Donahue, Esq., Assistant U.S. Trustee, Stephen M. Hunter, Esq.:

Craig R. Jalbert
Verdolino & Lowey, P.C.
124 Washington Street
Foxborough, MA 02035

State of Rhode Island - Division of Taxation
Bankruptcy Unit
Collections
One Capitol Hill
Providence, RI 02908

/s/ Jennifer Peters
Jennifer Peters
Law Offices of Charles A. Pisaturo, Jr.
1055 Elmwood Avenue
Providence, RI   02907

4

# Time Sheet Report

**Trustee:  Charles A. Pisaturo Jr.  (590100)**

**Period:  01/01/00 - 03/26/19**

| Case No: | 15-11016 | Case Name: | DICKSEN, WILLIAM B. | Petition Date: | 05/14/15 |
| Case Type: | Assets | Judge: | Diane Finkle | 341a Meeting: | 06/09/15   02:00PM |

| Category | Staff Name | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| ATTORNEY | CHARLES A. PISATURO, JR. | 01/16/16 | Review email chain and send email re request for lump sum offer to buy out estate. | 0.30 | 300.000 | 90.00 |
| | | 05/05/16 | Letter to attorney Pelletier RE security interest and buyout | 0.30 | 325.000 | 97.50 |
| | | 06/16/16 | Begin Prep of complaint against former partner. | 0.50 | 325.000 | 162.50 |
| | | 07/10/16 | Prepare demand letter to Mr. Bower. | 1.00 | 325.000 | 325.00 |
| | | 08/09/16 | Work on complaint against Mr. Bower. | 1.00 | 325.000 | 325.00 |
| | | 08/09/16 | letter and tel call to atty Pelletier re UCC | 0.25 | 325.000 | 81.25 |
| | | 09/20/16 | Letter to Ron Bower RE making payments on obligation | 0.15 | 325.000 | 48.75 |
| | | 02/21/17 | Demand letter to Mr. Bower RE missed payments on mnthly obligation | 0.15 | 325.000 | 48.75 |
| | | 03/07/17 | Letter to Ron Bower RE need to catch up on payments, and consequences of not doing so | 0.10 | 325.000 | 32.50 |
| | | 03/16/17 | Telephone conversation with Ron Bower, obligor on promissory note, regarding issues wiht making payments, and options for lump sum payment; notes to file | 0.20 | 325.000 | 65.00 |
| | | 07/12/17 | Check file; review payment history on account and prepare letter to Ron Bower, promissory note payor | 0.25 | 325.000 | 81.25 |
| | | 11/12/18 | Prpeare compromise motion | 1.00 | 350.000 | 350.00 |
| | | | | 5.20 | | $1,707.50 |
| | **Subtotal for Category: ATTORNEY** | | | **5.20** | | **$1,707.50** |

| **Total for Case:  15-11016** | | **5.20** | **$1,707.50** |

| **Total for Trustee:  Charles A. Pisaturo Jr.** | | **5.20** | **$1,707.50** |

| **Grand Total:** | **5.20** | **$1,707.50** |

## **FEE APPLICATION SUMMARY SHEET**     **R.I. Local Form 2016-1.1**
**(Rev. 3/3/2003)**

- - - - - - - - - - - - - - - - - - - - -x          **Fees Previously Requested:** $ 0          **NAME OF APPLICANT:**
                                    :          **Fees Previously Awarded:**  $ 0
**In re:**                                                                                           Charles A. Pisaturo, Jr.

William B. Dicksen          :          BK No. 15-11016
Dolores V. Dicksen                         Chapter 7
                                    :                                                             **ROLE IN THE CASE:**

Debtor                               :          **Expenses Previously Requested:**    $ 0          Trustee's Counsel
                                    :          **Expenses Previously Awarded:**    $ 0          **CURRENT APPLICATION:**
- - - - - - - - - - - - - - - - - - - - -x                                                          **Fees Requested:**   $1,707.50
                                                                                                   **Expenses Requested:**$ 0
                                    **Retainer Paid:**$ 0                                          **Blended Hourly Rate:**$ 328.36
                                                                                                   **(Excluding Paraprofessionals)**

**FEE APPLICATION**

| NAMES OF PROFESSIONALS/ PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED Current Application | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS**  Charles A. Pisaturo, Jr. | 1991 | 5.2 | $300 - $350 | $1,707.50 |

**ASSOCIATES**

**PARAPROFESSIONALS**

R.I. Local Form 2016-1.3
(Eff. 3/3/2003)

## FINAL FEE ALLOWANCE SUMMARY

- - - - - - - - - - - - - - - - - - - - - x

**In re:**                              :

  William & Dolores Dicksen
Debtor                                  :        BK No. 15-11016
                                                  Chapter 7
                                        :

- - - - - - - - - - - - - - - - - - - - - x

**FEES:**

    1. Period of Services in this Case:    6/11/15    to    5/25/19

    2. Total Hours of Services Performed in this Case: 5.2

    3. Blended Hourly Rate for Fees Requested:    $    328.36
       (Excluding paraprofessionals)

    4. Total Fee Award Requested:    $    1,705.50

    5. Retainer Credited Against Award:    $    0

    6. Interim Fees Allowed and Credited Against Award:    $    0

    7. Final Payment Requested:    $    1,707.50

    8. Approximate Distribution to Creditors in this Case:
       (a) Administrative:    100    %
       (b) Secured:    N/A    %
       (c) Unsecured:    100    %

**EXPENSES:**

    1. Total Expense Reimbursements Requested:    $

    2. Expenses Allowed to Date:    $

    3. Expense Request for Final Period:    $

    4. Breakdown of Item No. 3 Total:
       a. Travel Expense:    $
       b. Postage:    $
       c. Photocopies:    $
       d. Express Mail/Messenger:    $
       e. Overtime Charges:    $
       f. Other Expenses (Itemize):
           $
           $
           $

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                              )
                                    )
WILLIAM B. DICKSEN and,             )        Chapter  7
DOLORES V. DICKSEN,                 )        Case No. 15-11016-DF
                                    )
         Debtors.                   )
                                    )

APPLICATION FOR FEES AND EXPENSES OF THE
ACCOUNTANTS TO THE TRUSTEE

We, Verdolino & Lowey, P.C., having been employed as
ACCOUNTANTS TO THE TRUSTEE in the above-entitled case, and as
such having rendered the services described in the itemized bill
annexed hereto and having actually incurred the expenses set
forth therein, hereby request that we be allowed the sum of
__$3,227.50__ for said services and __$63.89__ for out-of-pocket
expenses for a total of __$3,291.39__.

We hereby state that the compensation, fee and allowance
herein claimed belongs wholly to us and will not be divided,
shared or pooled, directly or indirectly with any other person
or firm.

This application is made under the penalty of perjury.

Dated:   February 19, 2019

_____
Craig R. Jalbert, CIRA
Verdolino & Lowey, P.C.
124 Washington Street
Foxboro, MA 02035
Telephone (508) 543-1720

"Within Twenty-One (21) days after service, if served electronically, as evidenced
by the certification, and an additional three (3) days pursuant to Fed. R. Bank.
P. 9006(f) if served by mail or other excepted means specified, any party against
whom such paper has been served, or any other party who objects to the relief
sought, shall serve and file an objection or other appropriate response to said
paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor,
Providence, RI 02903, (401) 626-3100. If no objection or other response is timely
filed, the paper will be deemed unopposed and will be granted unless: (1) the
requested relief is forbidden by law; (2) the requested relief is against public
policy; or (3) in the opinion of the Court, the interest of justice requires
otherwise."

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                          )
                                )
WILLIAM B. DICKSEN and,         )    Chapter  7
DOLORES V. DICKSEN,             )    Case No. 15-11016-DF
                                )
        Debtors.                )
_____)

     Acting pursuant to and in accordance with the provisions of
11 U.S.C. 330(a) and 503(b)(2) and Rule 2016 of the Federal
Rules of Bankruptcy Procedure, Craig R. Jalbert, CIRA and
Verdolino & Lowey, P.C. (hereinafter referred to collectively as
the ("Accountants") hereby respectfully represent:

     1.   William B. Dicksen and Dolores V. Dicksen, the
Debtors, filed a voluntary Chapter 7 petition for bankruptcy on
May 14, 2015.

     2.   Charles A. Pisaturo, Jr., Esq., the duly appointed
Chapter 7 Trustee (the "Trustee"), filed a motion to employ the
Accountants on or about June 7, 2018.  The Court granted the
employment of the Accountants on June 26, 2018.  A copy of the
Order is attached hereto as Exhibit I.

     3.   This Fee Application covers the period from August 17,
2018 through February 19, 2019 (the "Application Period").

     4.   During the period covered by this fee application, the

Accountants performed services in several general areas for and
on behalf of the Trustee.  The work included the following:

    a.   Prepare the Estate federal income tax returns for the
         fiscal years ended July 31, 2017 and 2018 and the
         short period ended December 31, 2018, together with
         all necessary research and workpapers;

    b.   Prepare the Estate state income tax returns for the
         fiscal years ended July 31, 2017 and 2018 and the
         short period ended December 31, 2018, together with
         all necessary research and workpapers;

    c.   Prepared a request for expedited review of all tax
         returns by all taxing authorities; and,

    d.   Prepare this final fee application.

    5.   The Accountants working on this case, whose work the
Accountants are seeking compensation for, have significant
experience in accounting and/or bankruptcy and related matters,
as appropriate, in the areas in which they performed services
for this Estate.  Further, the Accountants have been very
successful in ensuring that the same individuals have completed
tasks consistently, where applicable, throughout the pendency of
this case, which has maintained the efficiency of the process.

    6.   A summary of the total hours and fees incurred by
professional is as follows:

| Name | Hours | Rate | Fees |
|------|-------|------|------|
| Craig Jalbert | 0.5 | $475.00 | $ 237.50 |
| Heather Medeiros | 1.1 | 325.00 | 357.50 |
| Beth Brodeur | 0.5 | 325.00 | 162.50 |
| Paula DiPietro | 3.8 | 290.00 | 1,102.00 |
| Paula DiPietro | 4.8 | 285.00 | 1,368.00 |
| Total hours and fees | 10.7 | | $3,227.50 |
| Average hourly rate | | $301.64 | |

7.   Exhibit II, attached hereto, sets forth a detailed description of the work performed during the period.

8.   Exhibit III, attached hereto, sets forth a brief biography of the Accountants performing the work.

9.   Exhibit III, attached hereto, sets forth a brief biography of the Accountants performing the work.

10.   Exhibit IV, attached hereto, is a statement of necessary out-of-pocket expenses incurred by the Accountants in performing the services rendered in this case.

11.   The Accountants submit that the requested fees and expenses are reasonable and appropriate under the circumstances of this case, in view of the requirements of the Bankruptcy Code and Internal Revenue Code, the results obtained to date and the time expended to achieve such results.

12.   The compensation requested herein for the services performed by the Accountants is based upon the regular hourly rates in effect during this case for the professional and para-professionals qualified to perform the services described,

commensurate with the type of work which had to be performed in accordance with the authorization granting the Accountants the authority to represent the Committee.  The Firm considers such time, rates and fees reasonable compared to the size of the case, work involved and results to date.

WHEREFORE, the Accountants respectfully request that this Court

    1.    Enter an order approving this Application and awarding the Accountants fees and necessary out-of-pocket expenses consisting of:

    a.    professional fees of $3,227.50; and

    b.    necessary out-of-pocket expenses of $63.89.

    2.  Granting the Accountants such other and further relief as is just.

Dated: February 19, 2019

Verdolino & Lowey, P.C.
Craig R. Jalbert, CIRA
124 Washington Street
Foxboro, MA 02035
Telephone (508) 543-1720

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

*Exhibit I*

---

In Re: William B. Dicksen and
Dolores V. Dicksen

　　　Debtor(s)

BK No. 1:15−bk−11016

Chapter 7

---

### *ORDER GRANTING (doc# 40 ) TO EMPLOY PROFESSIONALS*
#### *Re: Application to Employ Craig R. Jalbert, CIRA, and Verdolino & Lowey, P.C. as Accountant Filed by Trustee*

The Application to Employ Professionals (doc.# 40 ) is HEREBY APPROVED, subject to the following: (1) This order is not a determination that the services are necessary; and (2) No fee agreement between the applicant and the person or entity being employed is binding on the court.

With the exception of applications to employ filed pursuant to 2014(e), any agreement for compensation between the Professional seeking employment and the Trustee, if applicable, shall not be binding on the Court, and to the extent that anything contained in the application deemed a request to pre−approve compensation is DENIED. Compensation of Professionals will be determined by the Court upon the filing of an appropriate fee application.

*So Ordered:*

/s/ Diane Finkle
U.S. Bankruptcy Court Judge

Date: **6/26/18**

Entered on Docket: **6/26/18**
Document Number: **41 − 40**

Oappemployprof.jsp #103

---

*The Federal Center · 380 Westminster Street, 6th Floor · Providence, RI 02903 · Tel: (401) 626−3100*

*Website: www.rib.uscourts.gov*

| WILLIAM B. DICKSEN and DOLORES V. DICKSEN | | | | | Exhibit II |
|---|---|---|---|---|---|
| Chapter 7;  Case No.  15-11016-DK | | | | | |
| | | | | | |
| **Statement of Services - Verdolino & Lowey, P.C. as of February 19, 2019** | | | | | |
| | | | | | |
| **Date** | **Description** | **Staff** | **Hours** | **Rate** | **Fees** |
| | | | | | |
| 08/17/18 | Begin preparation of 7/31/17 & 7/31/18 federal and state tax returns including nay necessary tax workpapers | DiPietro | 2.2 | $285.00 | $627.00 |
| 08/20/18 | Continue preparation of 7/31/17 & 7/31/18 federal and state tax returns including necessary tax workpapers | DiPietro | 0.7 | $285.00 | $199.50 |
| 08/23/18 | Finish preparation of 7/31/17 & 7/31/18 federal and state tax returns including any necesary tax workpapers | DiPietro | 1.9 | $285.00 | $541.50 |
| 09/17/18 | Reviewing the 7/31/17 and 7/31/18 federal and state tax returns and workpapers. | Medeiros | 1.1 | $325.00 | $357.50 |
| 09/17/18 | Prepare returns for signature. | DiPietro | 0.5 | $290.00 | $145.00 |
| 10/22/18 | Review final return before IRS mailing | DiPietro | 0.1 | $290.00 | $29.00 |
| 01/23/19 | Preparation of 12/31/18 short year federal and state tax returns including any necessary tax work papers | DiPietro | 2.9 | $290.00 | $841.00 |
| 02/05/19 | Review of the 12/31/18 federal and state tax returns and workpapers. | Brodeur | 0.5 | $325.00 | $162.50 |
| 02/05/19 | Prepare returns for signature. | DiPietro | 0.3 | $290.00 | $87.00 |
| 02/19/19 | Prepare final fee app. | Jalbert | 0.5 | $475.00 | $237.50 |
| | | | | | |
| | **Total Hours and Fees** | | **10.7** | | **$3,227.50** |
| | | | | | |

William B. Dicksen and Dolores V. Dicksen          Exhibit III
Chapter 7; Case No. 15-11016-DF                     Page 1 of 2

Selected Biographical Data of Accountants

Craig R. Jalbert, CIRA - Principal; Verdolino & Lowey, P.C.,
    Certified Public Accountants

    Craig Jalbert joined Verdolino & Lowey, P.C. as a Principal
    in 1987.  He has extensive experience in accounting and
    consulting services; business advisory services; tax
    planning and compliance; litigation support; forensic
    accounting and bankruptcy matters including: taxation and
    accounting; valuation and insolvency; search for preference
    and fraudulent transactions; plan development; cash flow
    and business analysis; records reconstruction; post-
    confirmation trustee/administrator; claims reconciliation;
    wind-down services; and, expert reporting. Craig has been
    involved in over 5,000 bankruptcy cases, including
    approximately 300 Chapter 11 cases since 1990.  Craig has
    also been appointed as both a Federal and State Court
    Receiver as well as interim CFO; is frequently invited to
    speak on matters of insolvency and bankruptcy taxation;
    and, was recently inducted as a Fellow in the American
    College of Bankruptcy on March 15, 2013. Prior to joining
    Verdolino & Lowey, Craig was a senior auditor with Arthur
    Andersen & Co. in the Commercial Audit Division of the
    Boston office.  Craig received a Bachelor of Science degree
    in Accountancy with honors from Boston College in 1983.

Heather Medeiros, CPA - Staff Accountant - Verdolino & Lowey,
    P.C., Certified Public Accountants

    Heather, a Certified Public Accountant, joined Verdolino &
    Lowey, P.C. in June 1998 as a Staff Accountant.  She works
    on tax engagements both in and outside of bankruptcy,
    specializing in consolidated and multi-state corporate tax
    return preparation.  Heather received her Bachelor of
    Science in Business Administration, with a major in
    Accounting from Framingham State College.

William B. Dicksen and Dolores V. Dicksen          Exhibit III
Chapter 7; Case No. 15-11016-DF                    Page 2 of 2

Selected Biographical Data of Accountants


Beth Brodeur, Staff Tax Accountant - Verdolino & Lowey, P.C.,
     Certified Public Accountants

     Beth joined the firm in 2003 as a Staff Accountant.  She
     has eight years of previous general accounting experience.
     Beth prepares individual, corporate, partnership and trust
     tax returns.  Beth received her Bachelor of Science in
     Business Administration, with a major in accounting, from
     Bryant College.



Paula DiPietro - Staff Accountant - Verdolino & Lowey, P.C.,
     Certified Public Accountants

     Paula joined Verdolino & Lowey, P.C. in September 2014 as a
     Staff Accountant as a tax preparation and client QuickBooks
     Advanced Certified ProAdvisor.  Paula has worked in public
     accounting since 2003.  She works on tax engagements
     corporations, partnerships, LLC and trusts, both foreign
     and domestic, as well as wherever else she is needed by the
     tax team.  She began consulting and training clients in
     QuickBooks in 2004 and has been a certified ProAdvisor
     since 2006, earning her Advanced Certification in 2008.

William B. Dicksen and Dolores V. Dicksen          Exhibit IV
Chapter 7; Case No. 15-11016-DF


Detail of Necessary Out-of-Pocket Expenses


    Postage and delivery                              $ 30.29

    Travel                                               0.00

    Photocopying ($.15 per copy)                        33.60

    Communication and facsimile                          0.00

       Total necessary out-of-pocket expenses     $ 63.89

## FEE APPLICATION SUMMARY SHEET

**R.I. Local Form 2016-1.1
(Rev. 3/3/2003)**

- - - - - - - - - - - - - - - - - - - -x

:

**In re:**

William B. Dicksen

Dolores V. Dicksen

:

:

BK No. 15-11016

Chapter 7

Debtor

:

:

- - - - - - - - - - - - - - - - - - - -x

**Fees Previously Requested:** $0

**Fees Previously Awarded:** $0

**NAME OF APPLICANT:**

Verdolino & Lowey, P.C.

**ROLE IN THE CASE:**

Accountant

**Expenses Previously Requested:** $0

**Expenses Previously Awarded:** $0

**Retainer Paid:** $ 0

**CURRENT APPLICATION:**

 **Fees Requested:** $ 3,227.50

**Expenses Requested:** $ 63.89

**Blended Hourly Rate:** $301.64

**(Excluding Paraprofessionals)**

**FEE APPLICATION**

| NAMES OF PROFESSIONALS/ PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED Current Application | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS** Craig Jalbert | | 0.5 | $475.00 | $237.50 |
| **ASSOCIATES** Heather Medeiros | | 1.1 | $325.00 | $357.50 |
| Beth Brodeur | | 0.5 | $325.00 | $162.50 |
| Paula DiPietro | | 4.8 | $285.00 | $1,368.00 |
| | | 3.8 | $290.00 | $1,102.00 |
| **PARAPROFESSIONALS** | | | | |

R.I. Local Form 2016-1.3
**(Eff. 3/3/2003)**

<u>**FINAL FEE ALLOWANCE SUMMARY**</u>

- - - - - - - - - - - - - - - - - - - - - x

**In re:**                                               :

 William & Dolores Dicksen

Debtor                                    :          BK No. 15-11016

                                                      Chapter 7

                                          :

- - - - - - - - - - - - - - - - - - - - - x

**FEES:**

    1. Period of Services in this Case:     8/17/18   to 2/19/19

    2. Total Hours of Services Performed in this Case: 10.7

    3. Blended Hourly Rate for Fees Requested:        $ 301.64
       (Excluding  paraprofessionals)

    4. Total Fee Award Requested:                    $ 3,227.50

    5. Retainer Credited Against Award:              $ 0

    6. Interim Fees Allowed and Credited Against Award:  $ 0

    7. Final Payment Requested:                      $ 3,227.50

    8. Approximate Distribution to Creditors in this Case:

       (a) Administrative:              100        %

       (b) Secured:                    N/A        %

       (c) Unsecured:                  100        %

**EXPENSES:**

    1. Total Expense Reimbursements Requested:    $ 63.89

    2. Expenses Allowed to Date:                  $ 0

    3. Expense Request for Final Period:          $ 63.89

    4. Breakdown of Item No. 3 Total:

       a. Travel Expense:            $ 0

       b. Postage:                   $ 30.29

       c. Photocopies:               $ 33.60

       d. Express Mail/Messenger:     $ 0

       e. Overtime Charges:          $ 0

       f. Other Expenses (Itemize):

                    $

                    $

                    $

UNITED STATS BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:      WILLIAM B. DICKSEN                    Chapter 7
            DOLORES V. DICKSEN                    BK No.   15-11016

                Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2019, I served via electronic filing
(ECF) or regular US Mail, a true copy of the Application for Fees and Expenses of the
Accountants to the Trustee to the following parties: Gary L. Donahue, Esq., Assistant U.S.
Trustee, T. Michael Banks, Esq., Eva M. Massimino, Esq.:

Craig Jalbert
Verdolino & Lowey
124 Washington Street
Foxborough, MA 02035

State of RI - Division of Taxation
RI Division of Taxation
Bankruptcy Unit
One Capitol Hill
Providence, RI 02908-5800

                            /s/Charles A. Pisaturo, Jr.
                            CHARLES A. PISATURO, JR. (REG. NO. 4615)
                            Trustee
                            Law Offices of Charles A. Pisaturo, Jr.
                            1055 Elmwood Avenue
                            Providence, RI   02907
                            TEL:   (401) 274-3800
                            FAX:   (401) 751-6786